(39 Misc. Rep. 159.)

### STEVENS v. SALOMON.

(Supreme Court, Special Term, New York County. November, 1902.)

1. LANDLORD AND TENANT—OBSTRUCTION BY LANDLORD—INJUNCTION.

     Where, while the relation of landlord and tenant is existing between a person in occupation of the second story of a building, whose rear abuts upon a yard, the landlord builds in the yard a three-story extension, cutting off light and air from the rear windows of the tenant's premises, a mandatory injunction will issue compelling the landlord to remove so much of the extension as is higher than the windows of the tenant.

2. SAME—DILIGENCE OF TENANT.

     Where a tenant objected to the acts of her landlord in obstructing her light and air, and notified him of her intention to sue to prevent the same, the fact that he completed the obstruction before the injunction was served upon him cannot avail him.

Action by Elizabeth W. Stevens against Walter J. Salomon for a mandatory injunction. Judgment for plaintiff.

Blackwell Bros., for plaintiff.
John P. Everett, for defendant.

STECKLER, J. For several years prior to October 1, 1901, the plaintiff, as tenant, had occupied the second floor of the premises 19 West Forty-Second street. There were three windows in the rear of said premises, and the yard upon which the windows opened was 30 feet in depth. In the preceding August the landlord sold the property to the defendant, and the latter accepted from plaintiff the rent for September and October, and on October 10th, by a writing, leased her the same premises for three years and six months from November 1st following. Prior to the making of the lease, the defendant made alterations in the front of the building, and during the work plaintiff's possession was interfered with and impaired. About October 10th the alterations were completed, and by the terms of the lease plaintiff waived "any claim she may have against the party of the first part [defendant] for damages sustained by reason of the repairs and alterations done to and about the premises." That provision clearly refers to repairs and alterations prior to the date of the lease. When the lease was made, there was no structure in the yard interfering with the light and air coming into plaintiff's rear room. After the date of the contract the walls of a three-story extension were erected in the yard above the level of plaintiff's windows, cutting off light and air; and the action is for an injunction restraining the construction of the extension, and directing defendant to take down the structure. Although it does not appear that the plaintiff had a right of access to the yard, the light passing into the windows from the yard was essential to the beneficial use of the premises. The evidence establishes that at the time the lease was made it was the intention of the parties that plaintiff should have such use of the premises. To the extent of the light and air coming from the yard into the rear room the plaintiff was therefore entitled to an easement in the yard, and an attempt to change the condition of affairs to her detriment may be defeated by an injunction. Doyle v. Lord, 64 N. Y. 432, 21 Am. Rep. 629; Brande v. Grace, 154 Mass. 210, 31 N. E. 633; Salisbury v. Andrews, 128 Mass. 336. That defendant's acts were done before the beginning of the term fixed by the written lease is not of vital importance. The obstruction was raised above the level of plaintiff's windows while the plaintiff was defendant's tenant. She had paid him rent for September and October, and was entitled to possession for the balance of the month of October, as well as for the term of three years and six months from November 1st. So that in fact at the time of the acts complained of she was a tenant having a term of three years, six months, and several days in the demised premises; and her right to the easements was as strong in October as it would be after the beginning of the term fixed by the written lease. Neither is it material that the defendant succeeded in completing the structure before service of the injunction order was made upon him. The plain-

tiff had promptly objected to his acts, and notified him of her purpose to bring the action.  Daniel v. Ferguson [1891] 2 Ch. 27.

It follows that the plaintiff is entitled to a mandatory injunction directing defendant to remove that part of the extension above the level of plaintiff's rear windows, with costs.  Judgment accordingly.