(99 App. Div. 173)

### OEHME v. SHOTLAND.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. LANDLORD AND TENANT—RIGHTS OF TENANTS—ERECTION OF SIGN ACROSS BUILDING.

Where a lease of a floor in a building provided that no sign should be placed on the front of the premises detrimental to other tenants, but the tenant placed a sign on the front of the building so that it extended three inches below the floor line, so that a shadow was cast into the premises of the tenant below, which was a source of annoyance to him in his business of displaying paintings, the sign should not be allowed to remain unless raised so as to come on a level with its owner's own floor, and so arranged as not to project on the sides.

Appeal from Special Term, New York County.

Action by Julius Oehme against Paul Shotland. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN and INGRAHAM, JJ.

Emanuel Blumenstiel, for appellant.
Gerard Roberts, for respondent.

O'BRIEN, J. The action was brought to compel the defendant, who occupies the floor immediately above the plaintiff's, at 384 Fifth avenue, to remove a sign which plaintiff alleges is a nuisance, and has been erected by the defendant without right. The sign is two feet wide, and extends across the front of the building; and, as it is placed upon the bay window between the two floors, the ends project twelve inches at the north and eighteen inches at the south; and it extends three inches below the floor line of defendant's premises. It is not disputed that for these reasons the sign casts a shadow, and must necessarily exclude some light from the plaintiff's premises, which are used for the display and sale of fine paintings. It was testified that the middle room was too dark for displaying the paintings to purchasers, and the rear room was used

as a gallery, and that it was necessary in the front room to bring the paintings near the window, and then the shadow of defendant's sign fell upon them, which interfered with plaintiff's business. The plaintiff testified that it was essential for him to have the best of light, and he had placed no sign over his store; having, instead, lettering on the windows. The tenant on the ground floor had a sign just under plaintiff's window, and thus plaintiff is now shut in by a sign below and a sign above. The leases under which both the plaintiff and the defendant hold provide that "No sign or signs shall be placed upon the front of demised premises by the party of the second part that shall be detrimental to the other tenants in the buildings." The learned Special Term found that, "owing to the shape of the front of the building, defendant's sign projects at one end some distance from the building, and thereby produces a shadow in plaintiff's front room," and that "the only inconvenience to plaintiff caused by the shadow of defendant's sign is that at times he is obliged to move the position of the pictures." The conclusion was that the sign or shadow was not detrimental, and plaintiff had sustained no substantial damages thereby, and that the complaint should be dismissed with costs. From the judgment so entered, the plaintiff appeals.

The plaintiff is clearly right in claiming immunity from damage by the defendant's act, which was forbidden by the lease, and in itself was a wrong, even though the injury was slight. The lease provided that signs should not interfere with the other tenants, and this was an interference, since it cast a shadow in the very place where light was essential to plaintiff. The defendant has erected a sign two feet wide across the entire building, projecting beyond the bay window, and extending three inches below his floor line, thus encroaching upon plaintiff's premises. The undisputed facts thus show that the defendant was acting in a manner detrimental to plaintiff's business; the shadow cast by the sign through the window and upon the paintings being a constant source of annoyance, and preventing the proper and rightful display by plaintiff of fine paintings to his customers. If the sign is to remain, therefore, we think that defendant should be required to raise it three inches, so as to come on a level with his own floor, and to so adapt it to the bay front of the premises as not to project to the extent stated on the north and south; and, unless the defendant adjusts the sign to the building so as not to interfere with light of plaintiff's floor, the sign should be removed.

We think that this judgment accordingly should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.