## MARSHALL G. WHITEHOUSE *vs.* WILLIAM E. AIKEN.

Suffolk.    December 8, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice.    Landlord and Tenant.    Show Window.*

On an appeal from a decree in equity without a report of the evidence the findings
of fact made by the judge below are conclusive.

A lease of a store on the ground floor of a building on a city street, used by the
lessee as an art store, with a show window the front of which is on the street
and the side of which is on an open vestibule used as the entrance to a staircase
leading to the floors above and controlled by the landlord, the side of the
window on the vestibule being of much value to the lessee and having consti-
tuted a material element in fixing the amount of rent to be paid, gives the
lessee the right to a full and unobstructed use of the window, and if the tenant
of rooms on the second floor of the building under a license from the landlord
places a show case in the vestibule so as to obstruct a full view of the lessee's
window, the lessee has a right to remove the show case, and a bill in equity by
the proprietor of the show case to enjoin its removal will be dismissed.

BILL IN EQUITY, filed in the Superior Court on February 11,
1905, by a dentist having rooms on the second floor of No. 493
on Washington Street in Boston, to enjoin the defendant from
interfering with the plaintiff's placing a rectangular show case,
with the permission of the owners of the building, in the vesti-
bule used as an entrance to the stairway leading to the rooms of
the plaintiff, and from tearing down and removing such show
case when so placed.

In the Superior Court the case was heard by *Sheldon,* J., who
made a decree dismissing the bill.    The plaintiff appealed.    The
findings of fact by the judge, which are referred to in the opin-
ion, were as follows :

 "The plaintiff and the defendant are both tenants in the
building numbered 491 and 493 Washington Street, Boston,
under written leases from Stillman F. Kelly to them respec-
tively, the plaintiff's lease being of the rooms numbered 1 and 2
on the second floor of the building, dated March 24, 1904, at the
annual rental of $2,400, and the defendant's lease being of the
store on the first or ground floor with the basement thereunder,
and of the room numbered 26 on the fourth floor of said build-

ing, dated July 14, 1903, at the annual rental of $6,100. Each of these leases was put in evidence, and is to be referred to. Other tenants occupy other rooms on the different upper floors of the building. The building is on the westerly side of Washington Street, and the staircase to the plaintiff's rooms and to the defendant's room on the fourth floor is on the southerly side of the building. The door of this staircase opens from an open vestibule used as an entrance to this staircase. This vestibule is four feet and five inches deep, seven feet and four inches wide on Washington Street, and seven feet and one inch at its rear. The doorway leading upstairs from this vestibule is three feet and ten inches wide. The defendant has occupied his store under his present and previous leases from Kelly as an art store for the sale of pictures, &c., for the last nine years. He has a show window on the northerly side of his store and another narrower one on its southerly side. This latter show window looks upon its front into Washington Street, and on its southerly side is about four feet deep and looks across the vestibule, and so southerly into Washington Street. This was the construction of the show window when the defendant took his present and each of his former leases from Kelly. The defendant uses this show window for the purpose of exhibiting his goods, and it is correctly described in the defendant's answer. The right so to use it is of much value to the defendant in carrying on his business in his store; and in view of the circumstances I am satisfied that this use by the defendant was contemplated by him and his lessor when he took his lease, and constituted a material element in the rental to be paid.

" The plaintiff's rooms are directly over the defendant's store. To advertise his business, the plaintiff constructed a show case, which is correctly described in his bill. He obtained the verbal permission of Kelly through his authorized agent to place this show case in the vestibule, so as not to interfere with the rights of other tenants. Then the plaintiff placed this show case in the vestibule against the defendant's show window, cutting away a part of the defendant's window sash to make it fit closely, and securing his show case by screws to the wood and iron work of the defendant's window; and the defendant removed it. The plaintiff now does not claim the right to secure it in this manner, but

does claim the right to place it against the defendant's show window. I find that if this is done it will not substantially obstruct the defendant's right of passage from his store to his upper room, though it will slightly diminish the available space in the vestibule. It will slightly, but not materially, diminish the light coming into the defendant's store through this show window. It will materially diminish the value of the show window to the defendant for the purpose of exhibiting his goods therein and attracting the attention thereto of persons going in a northerly direction on Washington Street, and thereby will substantially diminish the rental value of his store."

*W. H. Brown,* for the plaintiff.

*E. W. Philbrick,* for the defendant.

BRALEY, J. This is a bill in equity to enjoin the removal of a show case belonging to the plaintiff, and which either has been affixed or placed by him in proximity to certain premises occupied by the defendant. In the Superior Court a decree was entered dismissing the bill, and the case comes here on the plaintiff's appeal, without a report of the evidence, but with certain findings of fact made by the presiding judge. Under the established practice these findings are to be considered as conclusive. *East Tennessee Land Co.* v. *Leeson,* 183 Mass. 37, 38.

It appears from the facts that both parties under written leases occupied rooms in different stories of the same building. The plaintiff, who was a dentist, had rooms on the second floor, while the defendant had an art store for the sale of pictures on the ground floor, with a room in the fourth story. A common stairway which terminated in an open vestibule at the street entrance led to the upper rooms. To advertise his work, and to attract patients the plaintiff, with the verbal permission of the lessor, placed in the vestibule a show case so located as to obstruct a full view of the window on the premises of the defendant, which was used by him because it faced the vestibule, to display his goods for the purpose of attracting customers. In placing the show case a part of the window sash was cut away, and it then was fastened by screws to the wood and iron work of this part of the building, but at the trial any right so to fasten it was abandoned. It was still contended, however,

that the case should remain in position on the floor, although it is found that such use will materially diminish the value of that part of the defendant's estate by interfering with a full view of the window by persons upon the street, and so will appreciably impair the rental value of the store.

If the defendant's demise included a full and unobstructed use of the window, placing the show case in the manner described was a trespass, and its removal lawful.

By the terms of the lease the premises are described "as the store numbered 491 Washington Street, with the basement under the same, and the room numbered 26 on the fourth floor of the building numbered 493 Washington Street, known as the ' Blake Building.' " This description left the vestibule and stairway in the possession and control of the lessor. *Marwedel* v. *Cook*, 154 Mass. 235.

But it is expressly found that the window is of much value for advertising his wares, and " this use by the defendant was contemplated by him and his lessor when he took his lease, and constituted a material element in the rental to be paid." By the construction of the building evidently such an arrangement must have been intended for the use of whoever occupied the store as a tenant. *Case* v. *Minot*, 158 Mass. 577. And this is tantamount to a finding that the beneficial use of the premises described, and leased as a store, required that a view of the window should not be obstructed permanently, and hence this incorporeal right passed by implied grant as a part of the demise. *Salisbury* v. *Andrews*, 19 Pick. 250, 255. *Dexter* v. *Manley*, 4 Cush. 14.

The plaintiff having failed to establish his allegation of title, the decree dismissing the bill must be affirmed.

*So ordered.*