CARL BAUER, Plaintiff, *v.* MAX SCHWARTZ, Defendant.

Supreme Court, Kings Special Term, March, 1924.

Landlord and tenant — right of tenant to easement of light, air and access in rear yard — injunction pendente lite granted.

A store occupied by plaintiff under a lease expiring March 1, 1925, includes the entire ground floor of the building and has two windows and a door opening directly from the store into the yard in the rear. The door is the only means of access to the yard, the maintenance of which is necessary for light and air, and it has been used by the plaintiff as an appurtenance of the premises leased to him. Plaintiff's lessor, who is also the owner of the adjacent premises, has leased both properties to the defendant, subject, however, as to plaintiff's premises, to his lease. *Held*, that in an action to restrain interference with plaintiff's easement of light, air and access, an injunction *pendente lite* will be granted.

MOTION for injunction *pendente lite*.

*Wingate & Cullen*, for plaintiff.

*C. Edward Benoit*, for defendant.

FABER, J. Motion for an injunction *pendente lite* restraining defendant from interfering with plaintiff's easements of light, air and access. Plaintiff is a tenant of the store in premises No. 1002 Flatbush avenue, Brooklyn, under a lease expiring March 1, 1925. Plaintiff's lessor is also the owner of the adjacent premises, No. 1000 Flatbush avenue. Said lessor has leased both properties to the defendant subject, as to No. 1002 Flatbush avenue, to plaintiff's lease. The store occupied by plaintiff includes the entire ground floor of the building and has two windows and a door opening into the yard in the rear. The door opens directly from the store of the plaintiff and is the only means of access to the yard and has been used by plaintiff as an appurtenance of the premises demised to him. The maintenance of the yard is also necessary for purposes of light and air. The defendant proposes to erect an addition to the two buildings, Nos. 1000 and 1002 Flatbush avenue, and has already begun such improvement and has excavated to some extent in the yard in the rear of plaintiff's store, thus destroying plaintiff's use of the yard, and defendant's proposed improvement upon the property in question would necessarily cut off the light, air and access of the plaintiff to his property. The yard in area is about fifty feet deep and twenty feet wide. It appears clearly from the affidavits before me that the yard in the rear of plaintiff's store is an appurtenance thereto. The fact that plaintiff's lease does not expressly mention appurtenances,

the yard, neverthless, is such. Whatever is in use for the premises demised as an incident or appurtenance passes with it irrespective of the use of the word " appurtenances." See *Huttemeier* v. *Albro,* 18 N. Y. 48; *Newman* v. *Nellis,* 97 id. 285, 292; *Green* v. *Collins,* 86 id. 246. There can be no doubt that plaintiff, by his lease, acquired an easement in the yard and is entitled to the enjoyment of such easement therein for the purposes of light and air. *Doyle* v. *Lord,* 64 N. Y. 432. See, also, *Oehme* v. *Shotland,* 99 App. Div. 173; *Stevens* v. *Salomon,* 39 Misc. Rep. 159; *Hall* v. *Irvin,* 78 App. Div. 107. Furthermore, it appears from the moving papers that plaintiff actually uses the yard for his business, which is an additional reason for granting the relief he seeks on this motion. The cases relied upon by defendant in support of his contention do not change the rule laid down in the cases above cited. I note the quotation given by defendant's counsel from the opinion of Laughlin, J., in the case of *Rural Publishing Co., Inc.,* v. *Katzman,* 197 App. Div. 295, which reads as follows (p. 300): " I am of the opinion that the lease did not give the tenant the use of the yard or preclude the landlord from building thereon." A mere cursory examination of Justice Laughlin's opinion shows that the sole question involved there was one of fact as to whether or not there was an express agreement at the time of the leasing concerning the use of the yard. Obviously such authority has no application to the instant motion. Defendant's contention that plaintiff will suffer no damage is untenable. If the plaintiff has, as I believe, easements of light, air and access in the yard, the plaintiff would be entitled to an injunction restraining any interference therewith irrespective of whatever damage might result from such interference. The rule *de minimis* does not apply. *Grunzfelder* v. *Interborough R. T. Co.,* 164 App. Div. 928; *Rothschild* v. *Interborough R. T. Co.,* 162 id. 532. The defendant's contention that the contractors employed in the work complained of are necessary parties to this action is also untenable, as such contractors are the agents of the defendant. I have considered defendant's suggestion as to the possible damage he may sustain by reason of the granting of an injunction *pendente lite,* but, in view of plaintiff's rights, as I view them, such suggestion is without merit. It seems to me that the plaintiff is entitled to the relief he seeks, and, therefore, the motion for an injunction *pendente lite* is granted. Undertaking, $2,000. Settle order on notice.

Ordered accordingly.