Marcus G. Christ, J.
Defendant Tracco Hempstead, Inc. is the owner of a large shopping center at West Hempstead, in the Town of Hempstead. The plaintiff and the defendant S. Klein Department Stores, Inc. are each tenants of Tracco under separate written leases. Klein operates a large department store on the shopping center property and the plaintiff operates a shoe store in the same center. A sidewalk privately owned by Tracco runs across the property from Maple Street to Bockaway Boad westerly, northerly and again westerly. It bounds Klein’s store and the plaintiff’s store separating them from the parking field. The suit is for a declaratory judgment to determine the respective rights of the parties in and to the use of the sidewalk and in and to the use of the parking field. In the event the judgment should be for the plaintiff then the plaintiff seeks further a permanent restraining injunction curtailing the use of the parking field and of the sidewalks by the defendants.
The Klein lease was originally made to the defendant Grayson-Bobinson Stores, Inc., by Tracco on September 20,1954. There *556 after by agreement with Tracco, S. Klein Department Stores, Inc., was substituted for Grayson-Robinson Stores, Inc., as the tenant. By this agreement Grayson-Robinson Stores, Inc., was relieved of all liability except as a guarantor of the obligations of S. Klein Department Stores, Inc., under the lease. Article 10 of the Klein lease contains the following language ‘1 the tenant may not make any structural changes to the front and show window part and to the sidewalks without the written consent of the landlord, which written consent shall not be unreasonably withheld. ’ ’
On December 9, 1954 plaintiff and Tracco entered into the lease under which the plaintiff bases this suit. The lease in describing the premises demised recites “ the said store and basement described (i.e. cross-hatched) in Schedule A hereto annexed.” Schedule A is a large diagram of the tract of Tracco and also of some detail on the store properties. On the diagram is an area shown as- parking fields. The several parcels built up and rented or for rent and an area designated “ sidewalk ” running approximately as hereinbefore described. There are no dimensions given for the sidewalk except that the plot plan is drawn to scale of 1 inch to 50 feet. The parking area as set out is clearly shown. In the body of the lease no mention whatever is made of the sidewalk. However, the parking field is referred to in paragraph 54 and is as follows: “ 54. Landlord hereby covenants that it will provide parking space, substantially as indicated on the plan hereto annexed and marked Schedule A, for use in common by the Tenant, Tenant’s patrons and such other tenants of Landlord, the sub-tenants, licensees and concessionaires, if any, of such other tenants occupying space in the said retail shopping development being constructed by the Landlord, and that such parking space will be in effect at the time of the commencement of and during the term of this lease. The Tenant shall not be obliged to pay any part of the cost of maintaining, operating and managing said parking space.”
The parking field and the sidewalk have been erected substantially as shown on Schedule A annexed to the lease. The plaintiff entered into possession of the property and erected a large sign with letters approximately three feet in height facing the parking field. Although its business comes to it both from the entrance on Hempstead Turnpike and from the direction of the parking field, the principal business comes from the parking field area. The plaintiff claims that it has the right to have the sidewalks open freely for passage of people from one end to the other and that it has the right to have the parking field open in its entirety and unused for the sale of merchandise. It claims *557 that four things have occurred which are contrary to the plaintiff’s rights. First, a large trailer truck was brought up by Klein’s and parked close to the curb nearest to the Klein store. This parking was along the north-south sidewalk but still directly behind the plaintiff’s place of business. The trailer truck was left there without the towing tractor for weeks and was used as an additional selling base for Klein’s merchandise. It was loaded with garden wares. A cash register was installed and salesmen operated in and about the truck, on the sidewalk and the territory immediately adjacent. Klein’s thus conducted the business of selling merchandise to customers who came along. This truck pursuant to a temporary agreement while this suit was pending, was later moved around to the south of the Klein store. It is now near the east-west sidewalk and is devoted to a new use. A machine shop was set up in the truck, lawn mowers were strewn about and the truck is used as a lawn mower repair shop, all operated by Klein’s.
The second is the erection of a canopy over the entire width of a portion of the sidewalk next to Klein’s store and along its west side. On this sidewalk Klein’s was storing and selling garden materials, such as fertilizers, wheelbarrows, lawn mowers and garden furniture, consisting of chairs and tables, grills and the like. This canopy was erected for the purpose of keeping the materials under it dry. The low canopy cover in a limited way obstructs the sign of Simco so that there are portions obscured from certain parts of the sidewalk and of the parking field.
Third, at night to obviate the need for carting the goods under the canopy back into Klein’s store, a barricade was erected along the west side at the curb line and across each end of the canopy so that people could not get in on the sidewalk at that time. This barricade was taken down in the morning between 9 and 10 o’clock and was erected each night sometime from 9:30 to 10 o ’clock. It remained in place all night. When it is in place one cannot get through. There have been times when the weather was particularly inclement that the barriers were erected alongside the sidewalk but the ends were not closed off. At such times, except for the interference created by the goods offered for sale, and the customers attending, there was access over the sidewalk.
Fourth, Klein’s has utilized the sidewalk very fully as a merchandising adjunct of its store. The one sidewalk which is approximately 10 to 12 feet wide along the south side of the building for more than half its width is occupied with things offered for sale. People who are to walk through are restricted *558 to the half of the sidewalk not occupied by this display of goods to the curb. At times, the customers congregate in such numbers as to make passage impossible without asking leave to get through or without passing off of the sidewalk and into the parking field to circumvent the people who have gathered.
The plaintiff’s lease requires the landlord to provide parking space substantially as indicated on the plan hereto annexed. It is claimed by defendants that the use of the word “ substantially ’ ’ permits the landlord to make other uses of the parking field area so long as there is an amount of parking space approximating that which was indicated on Schedule A annexed to the lease. The word ‘ ‘ substantially ’ ’ is construed by the court to provide some leeway for the landlord in Ms layout and construction of the field for parking but once this space has been set up for that purpose then it may not be devoted to uses other than parking. It is shown upon the diagram as a space to be devoted to parking and if it is appropriated, not to parking, but for selling and for the stationing of a truck upon it wMch is used like another building, then the representations made by the landlord to the tenant and which have been incorporated in the lease by the schedule annexed fail in fulfillment. The tenants are entitled to have the full parking field as shown on the diagram used for parking and not for merchandising or the setting up of a repair shop from a truck stored there as this one was on an apparently permanent basis.
The rights in the sidewalk are not referred to in the lease. The tenant, however, made the lease relying upon the representations as contained in the diagram and these representations have become a part of the agreement by the annexation of the diagram to the lease as Schedule A. (Thousand Is. Park Assn. v. Tucker, 173 N. Y. 203.) The landlord prepared it and provided it for annexation to the contract. It shows a parking field and walk to which people may have recourse from the field so that they can move back and forth in comparative safety. The stores are erected with double entrances. They are planned so as to show a frontage on both the street and on the parking field area. This contemplates a place as shown in the diagram for movement of people back and forth easily from street to street and from store to store at the rear of the buildings. Although this sidewalk is not referred to in the lease with a specific right, neither is it referred to in the lease with a specific exclusion negating the inference arising from the annexation of the plot plan to the lease that the sidewalk would be constructed as set out and that the purpose of the sidewalk would be fulfilled.
*559 The court finds that the use of the sidewalk has been such as to create a congestion making it at times impossible for people to pass back and forth without stepping out into the parking field and off the curbs there provided. This the defendants have no right to do. Any use of the sidewalk for merchandising which results in a blockage of the free passage to and fro is a violation of the terms of the lease and will be restrained. The use of the sidewalks for merchandising without causing an interference with or obstruction to the passage of people on the sidewalks, will not be restrained. The canopy which has been erected over the sidewalk is not a violation of the lease for the canopy in itself does not restrict the movements of people. There is a slight interference with the visibility of plaintiff’s sign but this is negligible and is not material. No injunction will issue as to this. The placing of a barricade across the sidewalk at any hour of the day or night is in itself a violation of the terms of the lease and there is no right ever to barricade the free passage of people back and forth on the sidewalk, irrespective of the hours.
The suit against the defendant Grayson-Robinson Stores, Inc., is dismissed. It does not have such interest in the lease as makes it responsible for the affirmative acts against which the complaint is made in this suit.
The proofs as to the- damage sustained by the plaintiff by reason of these usurpations of the parking field and the sidewalk are not material. Whether the business figures are attributable to economic conditions, to the growth of population, to a change in policy on the part of Simco, the trade name of plaintiff, or to a dissatisfaction or a liking for the product in styles, the court is not able to ascertain. We only pass upon the question as to whether there are affirmative rights possessed by the plaintiff as against the defendants. We find it has such rights. These rights will be enforced and their violation restrained by injunction.
An injunction will issue restraining (1) the utilization of the parking field for merchandising from a truck or van; (2) the display of merchandise on the sidewalk in such a manner as to block the free passage of pedestrians whether such blocking is caused either by the merchandise displayed or by the customers who are at hand to view it or to purchase it; and (3) the erection of the barricades across any part of the sidewalk to prevent by these barricades a free passage of people to and fro.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.