Aítthouy M. Livoti, J.
This action is for a declaratory judgment and a permanent injunction.
Plaintiffs number over 30 tenants and occupy a large apart-men house in Flushing, Queens County, New York. The building comprises two parcels of land herein designated as Parcels I and II which front on 35th Avenue. The building is apparently on the building line of 35th Avenue. There is *33 another plot of land approximately 175 feet wide and 170 feel-deep, designated and known as Parcel III which adjoins Parcels I annd II at the rear lot line. Parcel III fronts on Northern Boulevard.
Parcel III has been used in conjunction with Parcels I and II as a garden, recreation area and as a means of ingress and egress for the tenants of the apartment house. Recently the owner of all three parcels sold Parcel III and the plaintiffs now seek to enjoin any interference with their use of Parcel III for ingress and egress, recreation and play and for light and air.
When the building was erected in 1929, there appeared in the New York Times dated September 8, 1929, an advertisement that the building fronted on 35th Avenue and Northern Boulevard. A brochure publicizing the advantages of life at “ The Mayfair ” stated its address as Northern Boulevard. Parcel III sets off the apartment house to advantage and assures light, air, garden and recreation space. Without the use of Parcel III, the buildings on Parcels I and II would be just another apartment house built on a city street.
All three parcels of land have not remained in one ownership since the completion of the building. In November, 1929, Parcel III was conveyed to a separate corporate owner, but in March, 1930 that corporation leased Parcel III back to the owner of the building for a five-year period. In January, 1934, Parcel III was conveyed by a Referee in foreclosure to the Riverhead Savings Bank. In September, 1941, Parcels I and II were conveyed by a Referee in foreclosure to the Guardian Life Insurance Company. In March, 1943, the Riverhead Savings Bank conveyed Parcel III to the Guardian Life Insurance Company.
Since 1943 all three parcels have been conveyed together to . a single grantee on several occasions until February 16, 1959. On that day, the then owner conveyed all three parcels to Funfer Holding Corporation which simultaneously conveyed Parcels I and II to the defendant Olshan, and Parcel III to the defendant Mayfair-Flushing Corporation. Defendant Olshan simultaneously conveyed Parcels I and II to some of the other defendants herein. Thus, all three parcels have been held in single ownership from 1943 until 1959. It appears that all of the plaintiffs became tenants since 1943 and while the three parcels were owned and used together.
Plaintiffs do not claim an easement by express grant. They claim that when the ownership of the three parcels was split, the grantee of Parcel III took title subject to the plaintiffs’ 1‘ easement and appurtenance of ingress and egress to light and *34 air and the use of such Parcel III as a ground for play and recreation.” Plaintiffs further claim that they acquired certain possessory rights or appurtenances with other tenants.
In Doyle v. Lord (64 N. Y. 432), the Court of Appeals stated that if the plaintiffs in that case had hired the entire building, the yard belonging to the building would pass under the lease as a part of the premises demised. But, that if the rooms of the building were rented to different tenants, then while the yard would not be included in the demise, the plaintiffs would have an easement in common with all the other tenants for all purposes for which the yard would be used-in common for playground purposes and light and air. An implied easement need not be provided for by express language in a lease. Its inclusion may be proved by circumstances showing an intention to include it, such as the parties conduct with reference thereto.
In the instant case, Parcel III has been used as an adjunct to the apartment house. It has always been used by the tenants and their guests as an integral part of the apartment house operation and has had no separate and distinct purposes whatsoever. The court feels that the tenants of the building by virtue of their tenancies have acquired rights in Parcel III. It is, therefore, the decision of the court that the plaintiffs in this action have an easement in common with all the tenants for which the area was designated, created and used by them up until the time the properties were split; further, that the defendants have no right to enter upon Parcel III and appropriate the same exclusively to their use and thus deprive plaintiffs of the use to which this parcel of land had been originally dedicated since the apartment was built. Judgment is accordingly rendered in favor of the plaintiffs, with costs.