Anthony M. Livoti, J.
On August 29, 1960, this court rendered a judgment (26 Misc 2d 32) in favor of plaintiffs, residential tenants of an apartment house situated on the south side of 35th Avenue, approximately 200 feet east of Parsons Boulevard having a frontage of 175 feet on 35th Avenue and a depth of 180 feet, in the Borough and County of Queens, City and State of New York, known as Lots 19 and 23 in Section 25, Block 5003 of the Tax Map of the County of Queens, declaring their rights to the use of an adjoining vacant parcel of real property owned by the then defendant Mayfair-Plushing Corp. (hereinafter referred to as Mayfair), situated on the north side of Northern Boulevard approximately 200 feet east of Parsons Boulevard and having a frontage on Northern Boulevard of 175 feet and a depth of 170.21 feet, in the Borough and County of Queens, City and State of New York, known as Lot No. 25 in Section 25, Block 5003 of the Tax Map of the County of *382 Queens, and for injunctive relief declaring that the plaintiffs “ in common with all persons now tenants or who may hereafter become tenants ” have an easement in said property of defendant for vehicle and pedestrian traffic, light and air, and use of a recreation and play area; and enjoined defendants from interfering with such easement, upon the authority of Doyle v. Lord (64 N. Y. 432).
On March 27, 1961 the Appellate Division of this Department modified the judgment on the law by deleting the words “ or who may hereafter become tenants” (13 A D 2d 542), thus restricting the benefits of the easement only to those who were tenants in the said premises at the time of the entry of said judgment. On November 30,1961 the Court of Appeals affirmed said judgment as modified (10 N Y 2d 962).
This is an application made by the defendants, by order to show cause, for an order (1) permitting defendants “ to renew the' previous motion decided by Mr. Justice Livoti on Oct. 2nd, 1964 ” for relief from the judgment upon additional grounds not involved in the previous application; (2) for leave to reargue the decision denying the motion previously made for relief at the foot of the judgment; and (3) upon such renewal and reargument to modify the judgment under the general equity powers of this court and also pursuant to section 1951 of the Real Property Actions and Proceedings Law so as to eliminate the provision in the judgment enjoining the defendants from using their real property and declaring that the rights and easements of the plaintiffs are of no actual and substantial benefit and are therefore unenforcible, and extinguishing such rights and easements.
Thus, the defendants now move for an order to extinguish certain restrictions on the use of their property “ by reason of changed conditions or other cause, its purpose is not capable of accomplishment ”, pursuant to the provisions of section 1951 of the Real Property Actions and Proceedings Law.
A hearing was held on September 29, 1965 before this court at which time both sides produced testimony of witnesses and documentary evidence. At the commencement of the hearing, defendants’ attorney moved to add Joseph Rubinfeld as a party defendant herein, the grantee of defendant Mayfair, on which motion the court reserved its decision.
Joseph Rubinfeld testified that he was a stockholder and financially interested in defendant Mayfair since 1959 and that he acquired title to the real property, which is the basis of this action, from defendant Mayfair primarily to protect his investment at a cost in excess of $70,000. He produced a contract of *383 sale dated February 14, 1963 by and between defendant Mayfair, as seller, and himself, as purchaser, of said real property. He further produced the closing statement in connection with the said sales contract.
This court has inherent power in the exercise of its control over its judgments to open them upon the application of any one for sufficient reason in the furtherance of justice. (Ladd v. Stevenson, 112 N. Y. 325, 332.) The court will consider any application to correct, modify or set aside its final orders and judgments where it appears, for sufficient reasons, that substantial justice be subserved by such judgment and that persons’ rights be injuriously affected thereby, although such persons be not parties to the proceeding, so that injustice to such persons be prevented. (Matter of City of Buffalo, 78 N. Y. 362, 370; Ladd v. Stevenson, supra; Flanson Realty Corp. v. Workers’ Unity House, 229 App. Div. 179, 183; Lowber v. Mayor, 26 Barb. 262; Matter of Automatic Chain Co., 134 App. Div. 863, affd. 198 N. Y. 618; Trustees of Col. Coll. v. Thacher, 87 N. Y. 311; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.15.)
It is noted that, pursuant to CPLR 5015 (subd, [.a], par. 3) the court may reconsider and relieve a party from a judgment, upon the ground of “ fraud, misrepresentation, or other misconduct .of an adverse party”. In the original Advisory Committee Draft, the words “ misrepresentation and other misconduct ” were not included. (N. Y, Legis. Doc., 1959, No. 17, p. 203.) They were inserted in the next draft (N Y. Legis. Doc., 1960, No. 20, pp. 214-215) and are now in the present rule. “ The effect is to broaden the basis for granting relief beyond that recognized in the prior case law by permitting the court to vacate a judgment without a showing of facts that establishes the commission of a fraud.” (5 Wcinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.08.)
It is apparent that simple justice requires the granting of defendants’ motion to add Joseph Bubinfeld as a party defendant herein.
The primary question posed for decision is the applicability of subdivision 1 of section 1951 of the Beal Property Actions and Proceedings Law which provides: 1 ‘ No restriction on the use of land created at any time by covenant, promise or negative easement, or created on or after September 1,1958, by a special limitation or condition subsequent governed by section 1953, shall be enforced by injunction or judgment compelling a conveyance of the land burdened by the restriction or an interest therein, nor shall such restriction be declared or determined to be enforceable, if, at the time the enforceability of the restrio *384 tion is brought in question, it appears that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason.” (Emphasis supplied.)
Subdivision 5 of the third decretal paragraph of said judgment states: ‘ ‘ That the defendant Mayfair-Flushing Corp., has the right to continue to use and maintain the circular driveway situated on parcel III for the parking of motor vehicles of said plaintiffs and tenants, not to exceed, however, a total of 21 motor vehicles in all, and shall make same available to the said plaintiffs and all persons now tenants for such purposes ”. (Parcel III referred to in the judgment is now property of Rubinfeld.)
The proof revealed at the hearing by uncontradicted testimony of defendants’ witness Herbert H. Warman, a registered architect duly licensed to practice architecture in the State of New York and fully familiar with the rules and regulations of the building and zoning ordinances of the City of New York, established that the Zoning Resolution of the City of New York, effective December 15, 1961, forbids the use of any part of the property of defendant Mayfair (now property of Joseph Rubinfeld) to be used for parking of motor vehicles for the use of the plaintiffs, because said property is not owned by the same owner of plaintiffs’ apartment building and, therefore, said Parcel III cannot be used as a permitted “ accessory off-street parlcing ” use, due to separate ownership. He further testified and produced a copy of a summons and information indicating that there is now pending in the Criminal Court of the City of New York, Queens County, Part VI, an action entitled “ People of the State of New York v. Joseph Rubinfeld ” wherein Rubinfeld, as the new owner of said Parcel III herein, is subject to criminal prosecution for violation of “ Parking cars on Lot — No Certificate of Occupancy ” in violation of the Zoning Resolution of the City of New York, effective December 15,1961. The Zoning Resolution of the City of New York, effective December 15,1961 (ch. 2, “ Construction of Language and Definitions ”, § 12.10) provides in part: “ An ‘ accessory use ’: (a) Is a use conducted on the same zoning lot as the principal use to which it is related (whether located within the same or an accessory building or other structure, or as an accessory use of land), except that, where specifically provided in the applicable district regulations, accessory off-street parking or loading need not be located on the same zoning lot-, and * * * (c) Is either in the same *385 ownership as such principal use, or is operated and maintained on the same zoning lot substantially for the benefit or convenience of the owners, occupants, employees, customers, or visitors of the principal use. When ‘ accessory ’ is used in the text, it shall have the same meaning as accessory use.” (Italics in original.)
The defendants, at the conclusion of the hearing, requested the court to issue a subpoena duces tecum for the official records affecting said premises on file with the Building Department of the City of New York, Borough of Queens. Such official records and contents affecting real property, on file with the Building Department of the City of New York in excess of 10 years, are held to be prima facie evidence (CPLR, 4522).
The court has examined the certificate of occupancy, No. 40812, affecting Parcel I (Lots 19 and 23) issued by the Superintendent of the Bureau of Buildings, Borough of Queens, City of New York on May 24, 1929, covering premises 35th Avenue, south side, 200 feet east of Parsons Boulevard, consisting of a six-story tenement classification brick construction N. B. application number 6701/1928. The court has also examined the entire file consisting of various official documents including application filed on July 28, 1928 upon Tenement House Department forms, Plan Number 391/1928 (Pile number 6701) and survey, and said application indicates that the premises are located on 35th Avenue, 200 feet east of Parsons Boulevard, Section 25, Block 5003, Lots 19 and 23 only, and the size of the lot is 175 feet by 180 feet, and that the address of said premises is 144-30 and 144-32 35th Avenue and does not have any frontage on Northern Boulevard; that the survey filed with the said department does not indicate any property on Northern Boulevard. Said application and survey fail to make reference to Section 25, Block 5003, Lot 25. Plaintiffs are in error in urging that the location of the building’s entrance is at Northern Boulevard and are also in error in stating that the address is “ 144-35 Northern Blvd. ’ ’
It appears uncontrovertedly that since the effective date of said Zoning Resolution, December 15, 1961, Parcel I (Lots 19 and 23) and Parcel III (Lot 25) (supra) are not in the same ownership and control and thus such use as parking plaintiffs’ vehicles upon defendants’ property, Parcel III, is prohibited. The said defendants’ testimony and documentary evidence have not been challenged or refuted by plaintiffs in any manner whatsoever.
The proof preponderatingly tends to confirm the defendants’ contentions that “ by reason of changed conditions ” *386 imposed by the adoption of the said section 12.10 of chapter 2 of the Zoning Resolution of the City of New York, effective December 15, 1961, subsequent to the affirmance of said judgment of this court by the Court of Appeals on November 30, 1961 (10 N Y 2d 962), parking of any vehicles upon defendants’ premises hereinabove described, the restriction imposed by this court, to wit, its subdivision 5 of the third decretal paragraph of said judgment (supra), “ is not capable of accomplishment ” (Real Property Actions and Proceedings Law, § 1951).
Section 1951 of the Real Property Actions and Proceedings Law is a codification of the equitable doctrine of relative hardship, long recognized and as enunciated by Judge Cardozo in Evangelical Lutheran Church v. Sahlem (254 N. Y. 161). The crux of this decision rests on the applicability of the doctrine of relative hardship.
This legislation emanated from the Recommendations of the Law Revision Commission (N. Y. Legis. Doc., 1958, No. 65B). It was enacted by chapter 864 of the Laws of 1958 along with what are now sections 1951 and 1953 through 1955 of the Real Property Actions and Proceedings Law (chapter 142 of the Laws of 1962, effective Sept. 1, 1963, superseding sections 346 to 349 of the Real Property Law) and also recommended by the Law Revision Commission at the time and originally enacted by chapters 863, 864 and 865 of the Laws of 1958. These statutes were designed, among other provisions for different types of relief, to limit, modify and/or extinguish nonsubstantial restrictions on use of land by reason of change of conditions or other causes, their purposes being not capable of accomplishment.
Assuming the defendants were about to violate a covenant or an easement or a decree of this court because of radical change in the situation of the property affected caused by a change of circumstances, a court of equity is bound to refuse equitable relief in the form of an injunction and is bound to leave the injured party to receive his damages, if any, in an action in law. (Amerman v. Deane, 132 N. Y. 355, 360; Wilson v. Ford, 209 N. Y. 186; McClure v. Leaycraft, 183 N. Y. 36; Wallach Constr. Co. v. Smalwich Realty Corp., 201 App. Div. 133; Doyle v. Olson Realty Co., 132 App. Div. 200; 13 N. Y. Jur., Covenants and Restrictions, § 105, p. 331.) These principles were applied in an important case in the Court of Appeals which we regard as analogous and controlling. (Trustees of Col. Coll. v. Thacher, 87 N. Y. 311, supra.) Judge Danforts writing an opinion for the entire court stated that although there was a clear breach of the covenant which would entitle the plaintiff to an injunction, he stated (p. 317): “ The interference of the *387 court should be denied if subsequent events have made performance by the defendant so onerous, that its enforcement would impose great hardship upon him * * * (Willard v. Tayloe, 8 Wall. 557; Thomson v. Harcourt, case 66 p. 415, vol. 2 Brown’s Parliamentary Reports; Davis v. Hone, 2 Sch. & Lef. 340; Baily v. De Crespigny, L. R. 4. Q. B. 180; Clarke v. Rochester, Lockport and Niagara Falls Railroad Company, 18 Barb. 350.) ”
The learned Judge, after reviewing the authorities cited, particularly Baily v. De Crespigny (supra) said (p. 319): “ but by compulsion of law, and the court was of opinion that he was discharged from his covenant, on the principle expressed in the maxim, ‘ lex non cogit ad impossibilia Continuing on pages 320 to 321, it is further stated: “ It is true, the covenant is without exception or limitation, but I think this contingency which has happened was not within the contemplation of the parties. The road was authorised by the legislature, and, by reason of it, there has been imposed upon the property a condition of things which frustrates the scheme * * * It has made the defendant’s property unsuitable for the use to which, by the covenant of his grantor, it was appropriated, and if, in face of its enactment and the contingencies flowing from it, the covenant can stand anywhere, it surely cannot in a court of equity. ’ ’
It will be noted that Trustees of Col. Coll. v. Thacher ([1882], supra) involved the same action, the same parties, the same property and the same covenant which was the subject matter of Trustees of Col. Coll. v. Lynch (70 N. Y. 440 [1877]). (Defendant Thacher, who acquired said property in the intervening period, was substituted for defendant Lynch by order of the court.) In the earlier action (Trustees of Col. Coll. v. Lynch) the lower courts dismissed the complaint and the Court of Appeals reversed and held that the said covenant was binding and enforcible and ordered a new trial. Before the commencement of the new trial, as ordered, defendant (now Thacher) interposed an amended answer containing a new defense that due to the change of circumstances resulting from legislative enactment, beyond the control of the parties, subsequent to 70 N. Y. 440, the covenant was no longer enforcible.
The court is mindful that this application must be decided on the basis of the law as it exists today. (Strauss v. University of State of N. Y., 2 N Y 2d 464; Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475-487; Quaker Oats Co. v. City of New York, 295 N. Y. 527, 536.)
The changed condition at bar is wholly owing to the lawful action of the legislative body of the City of New York. It will *388 be noted that this court, at the time it rendered its opinion (26 Misc 2d 32) did not contemplate that parking of any vehicles upon defendants’ premises hereinabove described would be in violation of the Zoning Resolution of the City of New York as adopted by the Board of Estimate of the City of New York on December 15, 1960 and effective on December 15, 1961.
It could not be disputed that on the facts established in this application it would be inequitable to refuse the relief sought by defendants. The objective which the plaintiffs originally intended to accomplish has now been defeated by the change of conditions caused by legislative mandate beyond the power of this court, and by reason of changed conditions accomplishment of the purpose has become impossible (13 N. Y. Jur., Covenants and Restrictions, § 99, pp. 327-328). It would be inequitable to deny defendants’ application especially where subsequent events have made performance so onerous that the enforcement of the easement created by this court would impose great hardship. (1 Story, Equity Jur. [10 ed.], § 750 [a]; Doyle v. Olson Realty Co., 132 App. Div. 200; Trustees of Col. Coll. v. Thacker, supra.) Such restrictions will not be enforced in equity.
On the basis of judicial history, a court of equity gives or withholds decrees according to its discretion in view of the circumstances of each case. (Trustees of Col. Coll. v. Thacker, supra.) It is not bound by the rigid rules of common law, but is founded to do justice when a court of law, with its remedies, is unable to afford the exact relief when facts so require. Clearly, enforcement of any restrictions upon real property will be denied when the change of conditions makes it impossible of accomplishment.
The subdivision 4 of the third decretal paragraph of said judgment states4. That said easement and appurtenance is for the purpose of vehicle and pedestrian ingress to and egress from said Northern Boulevard from said parcel III and for ingress and egress of pedestrians to and from the apartment building located on parcels I and II, over, on and through parcel III to Northern Boulevard, light and air and for a garden, recreation and play area.” And the fourth decretal paragraph states: “ ordered, adjudged artd decreed that the defendants, their agents, servants and employees and all persons acting under them and their successors in interest should be, and they are hereby enjoined from in any manner and by any means barring said plaintiffs and tenants of the apartment building located on parcels I and II from free and full use of parcel No. Ill for the purposes of ingress and egress of vehicles and *389 pedestrians to and from said parcel III to Northern Boulevard and for ingress and egress of pedestrians to and from said parcel III from and to the apartment building located on parcels I and II, over on and through parcel III, for recreation and play, light and air ”. By modification of the judgment (13 A D 2d 542, affd. 10 N Y 2d 962) the easement herein is restricted only to those tenants who were tenants in said premises at the time of the entry of said judgment (supra).
Uncontradicted evidence received at the hearing indicates that defendants’ said premises, fronting on Northern Boulevard, are presently zoned in “ C-l-2 Business District ” and “ R-6 District ” pursuant to the Zoning Resolution of the City of New York effective December 15,1961. And by said resolution defendants’ premises are now restricted to the permissible use area coverage of land for any new building to be constructed thereupon not to exceed 36% of the total lot area, and it further requires that there be a rear yard extending for the full length of the rear lot line of not less than 30 feet in width. Whereas, at the time of the trial of the action (June, 1960), the then effective Zoning Resolution of the City of New York (§ 13, subds. [a], [b]) classified defendants’ said premises in a “ C ” Area District which restrained the permissible use area coverage not to exceed 60% of the area of the lot and required that the rear yard not exceed 10 feet in width.
At the conclusion of the hearing it was stipulated by the attorneys for the parties that the court should inspect, in their presence, all of the premises affected herein.
Pursuant to said stipulation, on October 2, 1965, at 9:00 a.m., the court inspected the said premises and observed the following: (1) the main entrance to plaintiffs’ six-story brick apartment buildings is on 35th Avenue and not on Northern Boulevard as urged by plaintiffs; (2) the addresses of said buildings are 144-30 and 144-32 35th Avenue; (3) there is a center interior open court consisting of approximately 75 feet by 75 feet between the buildings containing benches and walks for convenience of and essential to the beneficial use and full enjoyment of plaintiffs and other tenants of said apartment buildings; and (4) that parking area for plaintiffs’ and tenants’ automobiles occupy a major portion of defendant Rubinfeld’s property from the southerly lot line on Northern Boulevard extending to the extreme northerly end of lot line of defendants’ property (Lot 25).
Upon an examination of the official records, documents, surveys and contracts on file with the Building Department of the City of New York, produced pursuant to a subpoena duces tecum *390 (supra), affecting premises known as 144-30 and 144-32 35th Avenue, Queens (Parcels I and II herein), the application filed on July 28, 1928 for the construction of said buildings upon Tenement House Department forms, Plan No. 391/1928 (File No. 6701), states in part: “ Schedule of Unoccupied Space (Sizes of Courts, Yards, etc.).
WIDTH DEPTH AREA OF COURT of COURT of COURT Square feet OUTER COURT No. 1 & 6 36.4' 15' 1072.28 “ “ 2 & 5 29.4' 14.8' 1019.00 « « 3 13. 53.4 693.29 « « 4 76.4 69. 4897.46 REAR YARD 175. 35.4 6207-83 FRONT YARD 109. 1.4 262.87 3.8 TOTAL OF UNOCCUPIED SPACE 14,152.73 SIZE OÍ LOT 175. 200. 35,000.00 SIZE Of HOUSE 175. 164.8 20,847.27”
The afore-mentioned personal inspection of the premises, the study of the “ Schedule of Unoccupied Space ” filed with the Building Department, plus the additional restrictions now imposed by the Zoning Resolution of the City of New York, effective December 15,1961, which require that 64% of the total amount of area of defendants’ Parcel III remain vacant (thus available to plaintiffs for “light and air”, which need was recognized and was the basis of the previous opinion of this court) confirm that plaintiffs are sufficiently protected by the law as it exists today, and that defendant Rubinfeld need not be deprived of the legal use of his property. With such protection by the Zoning Resolution afore-mentioned and under these changed circumstances, plaintiffs cannot be considered an exception to the growth and change dynamics inherent in the natural process of urban expansion.
The court is cognizant of the fact that the Appellate Division of this Department modified the judgment on the law by deleting the words “ or who may hereafter become tenants ”, thus restricting the benefit of the easement to those who were tenants in the said premises at the time of the entry of the said judgment, August 29, 1960. On the basis of evidence adduced at the hearing, which evidence was uncontradicted, the court finds that there are only three children remaining of the old tenants who are entitled to the use of the play area upon defendants’ property, and not more than six old tenants use defendants’ land for sitting purposes, at any one time.
*391 Equity will not enforce by mandatory injunction covenants or easements limiting the use of defendants’ property, especially where such easement has only a temporary and self-limiting period to run affecting a diminishing number of people. (Forstmann v. Joray Holding Co., 244 N. Y. 22.)
The record of the hearing conducted upon this application discloses that the credible testimony and documentary evidence presented established that there has been a substantial change of circumstances since the entry of the judgment herein and by reason of such “ changed circumstances ” the purposes of said judgment are not capable of accomplishment. The judgment of this court entered on August 29, 1960 is modified and its injunctive provisions therein are eliminated as nonenforcible.