Louis B. Heller, J.
On this motion for a preliminary injunction to enjoin defendant from constructing a snack bar-kiosk on the mall fronting plaintiff’s store premises, the parties stipulated that defendant’s opposing papers may be considered as a cross motion to dismiss plaintiff’s complaint.
The complaint, in substance, alleges that, during the course of construction of a shopping center involving the construction of buildings, streets, malls and public ways, the predecessors in interest of the respective parties negotiated a lease for a store fronting on a mall, as per exhibited plans; that it was represented that said mall was for passage of shopping center patrons to and from the demised premises for purposes of ingress and egress and of viewing of plaintiff’s wares in its store windows without any obstruction or interference. Annexed to the complaint, as exhibits, are the lease with the said plans attached thereto, and photographs of a snack bar or kiosk in the process of construction on the mall near plaintiff’s store windows.
The significant provisions of the lease are: Landlord’s grant to tenant of a “non-exclusive right to use * * * (e) all other areas * * * including the so-called ‘ Mall ’ to be used in common by tenants of the Building and the Shopping Center such # * * public conveniences * * * being referred to as ‘ common areas ’ restrictions against the landlord permitting1 ‘ construction, or location in the Shopping Center, of any kiosk, telephone booth or other structure which would obstruct the view of the demised premises ” and that no “ store in the Building shall extend beyond the present building line ”, and specifications as to the “ Store Front” construction providing for show windows with particular type of fixture lighting supplemented by floodlights, and of ‘ ‘ Levels and Grades ’ ’ providing for “ Malls floor level at entrances
Plaintiff contends that by the representations as made and by the terms and provisions of the lease with respect to its show windows and the manner of use of the mall, it was the intention and design of the parties to grant an easement in said mall against the construction thereon of any obstructions as may detract from the viewing of plaintiff’s windows by shopping center patrons. Defendant contends that the alleged *898 easement in the mall is negated by the provisions of the lease reserving unto landlord the right “ to make changes, additions, alterations or improvements in or to the common areas; provided * * * there shall be caused no unreasonable obstruction of tenant’s right of access to the demised premises or any reasonable interference with tenant’s use of the demised premises ” and by rule I of the Rules and Regulations “ limiting the rights of tenants in the public portion * * * to ingress and egress ” with landlord having the right “ to control and operate all public portions * * * and public facilities thereof * * * furnished for common use * * * in such manner as landlord shall deem for the best interest of the tenants generally.”
In considering the sufficiency of the complaint the court must assume all the allegations to be true and if they state some valid cause of action the complaint must be sustained (Kober v. Kober, 16 N Y 2d 191).
The court has examined the authorities in this jurisdiction and in our sister States with respect to plaintiff’s claim of an easement in the mall and finds that there has evolved a doctrine of implied easement. It is an implied grant in everything which belongs to the demised premises or is used with the appurtenant to them and which is reasonably essential to their enjoyment. To negate such grant, there must be a specific reservation by landlord. Such easement may be proved by circumstances showing an intention to include the same in a lease. No particular language or express provisions are required. (Bardach v. Mayfair-Flushing Corp., 26 Misc 2d 32, mod. as to future tenants 13 A D 542, affd. 10 N Y 2d 962; Lemkin v. Gulde, 16 Misc 2d 1003, affd. 8 A D 2d 944; Lemkin v. Gulde, 25 Misc 2d 144; Doyle v. Lord, 64 N. Y. 432; Matter of Hall v. Irwin, 78 App. Div. 107; 125 Hempstead Turnpike Corp. v. Tracco Hempstead, 14 Misc 2d 554; Bauer v. Schwartz, 122 Misc. 630; Owsley v. Hamer, 36 Cal. 2d 710; The Fair v. Evergreen Park Shopping Plaza, 4 Ill. App. 2d 454; Whitehouse v. Aiken, 190 Mass. 468; 36 C. J., § 632; 51 C. J. S., Landlord and Tenant, § 293 et seq; 32 Am. Jur., Landlord and Tenant, § 169 et seq; Ann. 51 A. L. R. 1298.)
In Whitehouse v. Aiken (190 Mass. 468, 471, supra) the court stated: “ [T]he window is of much value for advertising his wares, and ‘ this use by defendant was contemplated by him and his lessor when he took his lease, and constituted a material element in the rental to be paid. ’ By the construction of the building evidently such an arrangement must have been intended for the use of whoever occupied the store as a tenant. * * * [T]he beneficial use of the premises described, and leased as a *899 store, required that a view of the window should not be obstructed permanently, and hence this incorporeal right passed by implied grant as part of the demise.”
In The Fair v. Evergreen Park Shopping Plaza (4 Ill. App. 2d 454, supra) the rental of the premises was, as in the instant case, by a site plan annexed to the lease. The court in restraining encroachment on the mall stated (pp. 468 and 469): “ The easement in the mall north of Building B is an easement in land the exact location and dimensions of which were fixed by site plan. The Fair is entitled to the use of the entire mall * * " and is entitled to unobstructed use of all of it.” (Emphasis added.)
The court must take judicial notice that show windows on a street or mall are designed especially for unobstructed display and view of merchandise and that the rental is computed to a greater extent on the frontage footage on the street or mall as distinguished from the inside space area. Here the parties annexed a site plan showing the window space on the mall, set forth in detail the construction of the show windows and their fixture and floodlighting, and made specific provision against erection of a kiosk and even a telephone booth on the mall. The parties must be deemed to have included in plaintiff’s lease an easement of unobstructed view of plaintiff’s show windows. The mere reservation of the right ‘ ‘ to make changes, additions, alterations or improvements ” of the mall is not a reservation of right to construct obstructions on the mall.
Plaintiff’s complaint is deemed to state a cause of action on the basis of plaintiff having a right of easement in the mall prohibiting construction of a kiosk (snack bar) on the mall. Defendant’s motion to dismiss the complaint is therefore denied.
With respect to plaintiff’s application for a preliminary injunction, defendant states that it had leased to Andrews, Inc. the right to construct the kiosk (snack bar) and that Andrews, Inc. is constructing the same and not defendant. Defendant further states that it has no control over the construction and cannot obey an order of this court to halt the construction or to remove the kiosk (snack bar). “ It is a well-founded maxim that equity will not decree to be done that which cannot be done or which it cannot enforce ” (Rosano v. Sperber, 64 N. Y. S. 2d 35, 37).
It is manifest that Andrews, Inc., to whom a lease was granted to construct kiosks (snack bars) on the mall, is an interested party in this action and its rights will be seriously affected by any order this court may grant against defendant. “ The' gen *900 eral rule in equity is that all persons interested in the subject matter of the action should be joined ” (Realty Assoc. v. Stoothoff, 258 App. Div. 462, 463), and “ that a court of equity, in the absence of all parties necessary for a complete determination of the controversy tendered by the action will not assume jurisdiction. ” (Issaia v. Russo-Asiatic Bank, 155 Misc. 495, 498.)
Andrews, Inc., if joined as a party herein, may claim rights that may bar this action. If Andrews, Inc. can establish that it had no knowledge, nor is presumed to have knowledge of defendant’s breach of its lease with plaintiff or of plaintiff’s easement in said mall, then plaintiff may only be relegated to an action at law for damages against defendant. (Deepdale Cleaners v. Friedman, 7 A D 2d 926 [2d Dept.]; Fairview Hardware v. Strausman, 9 A D 2d 944 [2d Dept.]; Vamco Corp. v. Majestic Development, 38 Misc 2d 76; and Lemkin v. Gulde, 25 Misc 2d 144, supra, as to possible obligation to make reasonable inquiry of existence of the easement.)
Without Andrews, Inc. as a party to this action this court is unable to finally determine the rights of all of the parties.
Accordingly, plaintiff’s motion for a preliminary injunction is denied.