RAINBOW SHOP PATCHOGUE CORP., Respondent, v. ROOSEVELT NASSAU OPERATING CORPORATION, Appellant.— In an action by a tenant of a store in a shopping center (1) for a judgment declaring that defendant, the landlord, has no right, in view of the terms of plaintiff's lease, to build a snack-bar kiosk on the mall fronting the store and (2) for an injunction restraining defendant from so doing, defendant appeals from so much of an order of the Supreme Court, Kings County, dated September 24, 1969, as denied its cross motion to dismiss the complaint. Order affirmed insofar as appealed from, with $10 costs and disbursements. In considering the sufficiency of the complaint the court must assume all the allegations to be true [including those (pars. 12–14) to the effect that the kiosk in question would obstruct the view of the demised premises] and, if they state some valid cause of action, the complaint must be sustained (*Kober* v. *Kober,* 16 N Y 2d 191). So considered, it is our opinion that the complaint states a cause of action (*Bardach* v. *Mayfair-Flushing Corp.,* 26 Misc 2d 32, mod. as to future tenants 13 A D 2d 542, affd. 10 N Y 2d 962; *Lemkin* v. *Gulde,* 16 Misc 2d 1003, affd. 8 A D 2d 944, *Lemkin* v. *Gulde,* 25 Misc 2d 144; *Doyle* v. *Lord,* 64 N. Y. 432; *Matter of Hall* v. *Irvin,* 78 App. Div. 107; *125 Hempstead Turnpike Corp.* v. *Tracco Hempstead,* 14 Misc 2d 554; *Bauer* v. *Schwartz,* 122 Misc. 630; *Owsley* v. *Hamner,* 36 Cal. 2d 710; *The Fair* v. *Evergreen Park Shopping Plaza,* 4 Ill. App. 2d 454; *Whitehouse* v. *Aiken,* 190 Mass. 468; 36 C. J., Landlord & Tenant, § 632; 51C C. J. S., Landlord & Tenant, § 293 *et seq.*; 32 Am. Jur., Landlord & Tenant, § 169 *et seq.*; 51 A. L. R. 1298). Christ, Acting P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.