ORA DE CLOW, as Administrator with the Will Annexed of MARY A. WILLIS, Deceased, Respondent, v. HENRY J. HAVERKAMP, Appellant, Impleaded with MARGARET HAVERKAMP and Others, Defendants.

Fourth Department, July 1, 1921.

Mortgages — foreclosure — mortgage given by purchaser of farm for full purchase price — provision for paying interest to mortgagee and as much more as might be needed for support and maintenance — mortgage construed to be for support and maintenance and not for definite amount — mortgage valid lien until payment of support and maintenance.

In an action to foreclose a mortgage it appeared that the owner of a farm sold it to her son-in-law who paid no money for the farm but gave the mortgage in question in which it was recited that the mortgagor was indebted to the mortgagee in the sum of $4,000 which he covenanted to pay with interest at five per cent as follows: " the sum of $50.00 June 23, 1903, and $50.00 at the expiration of each and every three months thereafter during the remainder of her life, and after her death he will pay said sum in same manner to George H. Willis, her husband, should he survive her, as long as he shall live. * * * also * * * in addition to the amounts above mentioned, as much more as they, or either of them, shall need for their support, care and maintenance during the remainder of their lives." The mortgage provided also that on the death of the mortgagor and her husband the mortgage would be deemed entirely paid and canceled. A subsequent purchaser of the farm assumed the mortgage but failed to pay for the maintenance and support of the mortgagee and in this action defended on the ground that there had been advanced and paid to the mortgagee all sums secured by the mortgage in full.

Held, that since the mortgage was drawn by the attorney for the mortgagor, any uncertainty or ambiguity therein must be resolved in favor of the

Fourth Department, July, 1921. [Vol. 198

mortgagee who conveyed away her farm, receiving in return nothing but the mortgage;

That by the terms of the mortgage the mortgagee was entitled to support and maintenance for herself and her husband during their joint lives and also during the life of the survivor;

That an amount was inserted in the mortgage to furnish a convenient basis for computing interest and not to limit the amount which the mortgagor might be required to pay for support and maintenance;

That the mortgage was a valid and subsisting lien on the real estate therein described until the care, maintenance and support of the mortgagee had been paid for.

APPEAL by the defendant, Henry J. Haverkamp, from an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 21st day of February, 1921, allowing additional costs to the plaintiff, and also from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 21st day of February, 1921, on the report of a referee in an action to foreclose a mortgage on real property.

*Freeman L. Morris [Louis L. Thrasher* of counsel], for the appellants.

*David H. Stanton [Lee L. Ottaway* and *Arthur B. Ottaway* of counsel], for the respondent.

CLARK, J.:

Prior to and on the 23d day of March, 1903, Mary A. Willis, an aged resident of Chautauqua county, was the owner of a farm located in that county of the reasonable value of $4,500.

On the 23d day of March, 1903, she sold and conveyed said farm to her son-in-law, Chauncey Heath. He paid no money for the farm, the principal consideration being a mortgage which he that day executed, acknowledged and delivered to said Mary A. Willis, the mortgage covering said farm, and reciting that the mortgagor was indebted to Mrs. Willis in the sum of $4,000, which he covenanted to pay, with interest at five per cent, as follows: " The party of the first part shall pay the party of the second part the interest on said principal sum quarterly, that is to say, the sum of $50.00 June 23, 1903, and $50.00 at the expiration of each and every three

months thereafter during the remainder of her life, and after her death he will pay said sum in same manner to George H. Willis, her, husband, should he survive her, as long as he shall live. The party of the first part shall also pay the party of the second part and said George H. Willis in addition to the amounts above mentioned, as much more as they, or either of them, shall need for their support, care and maintenance during the remainder of their lives or the life of either of them. It is expressly understood and agreed that upon the death of party of the second part and the said George H. Willis, all payments of interest and principal shall cease and the indebtedness secured by this mortgage shall be deemed entirely paid and cancelled." The controversy here arises over the construction of the clause in said mortgage above quoted.

At the time the mortgage was given George H. Willis, husband of the mortgagee, was living, and Mr. and Mrs. Willis and their son-in-law, the mortgagor, were living together on the farm.

For some unexplained reason in August, 1906, Mr. and Mrs. Willis removed from the home farm to the home of a neighbor, where the husband died in October of that year. Both Mr. and Mrs. Willis were aged people at the time the mortgage was given, each being past seventy years of age, and Mrs. Willis was blind, and remained so until her death in March, 1920.

Chauncey Heath, the mortgagor, had married the only daughter of Mary A. Willis, but this daughter died in 1893, and the mortgagor remarried in February, 1894, and died in April, 1911, leaving a last will and testament which was admitted to probate in Chautauqua county in July, 1911. By the terms of this will he devised the farm in question, with other property, to his wife, Mary E. Heath. In April, 1913, she died, leaving a last will and testament which was admitted to probate in the Surrogate's Court of Chautauqua county in June, 1913. By her will she devised her property to one Fred P. Lathrop, and he in turn, on the 29th day of January, 1914, sold and conveyed the farm in question to defendant and appellant, Henry J. Haverkamp.

The deed of this farm to Haverkamp contained a provision

that as part of the consideration he assumed and agreed to pay the mortgage described in the complaint.

The payments were made from time to time, and were continued until May 6, 1919, when defendant declined to make further payments on the ground that there had already been paid more than enough to pay and satisfy the mortgage in full.

This action was then begun to foreclose the mortgage because of Haverkamp's failure and refusal to pay sufficient moneys to support and care for Mrs. Willis, she being indebted at that time, for such support and care since the last payment on the mortgage, about $865.

After this action was begun Mrs. Willis died, and it was continued by the plaintiff, as administratrix with the will annexed, she having been substituted in place of the original plaintiff.

It is the contention of defendant, as set forth in his answer, that prior to the commencement of this action he had advanced and paid to the mortgagee all sums secured by the mortgage in full, and had satisfied said mortgage by such payments, and that there were no sums of money whatsoever due, or owing, or unpaid on the mortgage, plaintiff's contention being that the obligation he assumed under the mortgage was to pay for the support of Mr. and Mrs. Willis during their lives, without reference to the amount named in the mortgage.

When Mr. Heath received a deed from Mrs. Willis of this farm he paid no money, but instead gave back the mortgage in question. He wanted a farm, and Mrs. Willis wanted a home and care for herself and husband. He received the farm, but Mrs. Willis did not receive the care and support for life, as he obligated himself to furnish by the express terms of the mortgage, which were assumed by defendant Haverkamp when he purchased the farm.

In construing this mortgage the intention of the parties must be discovered, and that intention must be ascertained by an examination of the entire instrument. (*Matter of Pulis,* 220 N. Y. 202; *Cammann* v. *Bailey,* 210 id. 19; *First Nat. Bank* v. *Jones,* 219 id. 312; *Gillet* v. *Bank of America,* 160 id. 549.)

It appears that the mortgage in question was drawn by the attorney for the mortgagor. Any uncertainty or ambiguity

in the instrument should, therefore, be resolved in favor of the old lady who conveyed away her farm, receiving in return nothing but this mortgage. (*Gillet* v. *Bank of America, supra; Sanford* v. *Brown Brothers Co.,* 134 App. Div. 652.)

By the terms of this mortgage she was entitled to support and maintenance for herself and her husband during their joint lives, and also during the life of the survivor. (*Tucker* v. *Tucker,* 122 App. Div. 308; *Borst* v. *Crommie,* 19 Hun, 209.)

The mortgagor entered into this transaction as a pure speculation. Before the mortgage was made and executed there was no legal obligation on his part to support and maintain either Mrs. Willis or her husband. If Mr. and Mrs. Willis had both died within a week of the time he received the deed of the property and executed back the mortgage, he would have received for little or nothing this farm worth at the time $4,500, for the mortgage expressly provided that on the death of both Mr. and Mrs. Willis " all payments of interest and principal shall cease, and the indebtedness secured by this mortgage shall be deemed entirely paid and cancelled." He took his chances. These elderly people evidently lived longer than he anticipated, and now the owner of the farm, who assumed the obligations under the mortgage, seeks to evade carrying out its terms.

The learned and experienced referee before whom this case was tried decided against his contentions, and in our opinion, under the evidence and a fair construction of the mortgage, no other decision was possible.

It is plain from the language used in the mortgage that the primary purpose of the parties was to have Mr. and Mrs. Willis furnished support, care and maintenance during their lives regardless of the precise amount named in the mortgage.

No other construction seems reasonable when we consider the surrounding circumstances at the time the mortgage was made and Mrs. Willis conveyed away her home farm.

The mortgage was given not to secure the payment of the $4,000 and that alone. That amount was inserted in the mortgage and furnished a convenient basis for computing interest that was to be paid in quarterly payments, but the mortgage was given to secure to Mrs. Willis and her husband their life support.

Aside from the amount named in the mortgage as the indebtedness of Heath to Mrs. Willis, the mortgage distinctly provided that the mortgagor was also to pay " in addition to the amounts above mentioned, as much more as they, or either of them [meaning Mr. and Mrs. Willis], shall need for their support, care and maintenance during the remainder of their lives or the life of either of them."

Defendant paid nothing for the care and support of Mrs. Willis from May 6, 1919, to March 8, 1920. The learned referee has found that at that time Mrs. Willis was owing $865 for her care and support. The mortgage was given as security for her care, maintenance and support, and it was a valid and subsisting lien on the real estate therein described until such care, maintenance and support had been paid for.

The judgment appealed from was justified under the evidence, and should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.