Clarence J. Henry, J.
In order to invoke discretion to the end of reopening a default it must be shown that (1) the default was excusable, and (2) that a meritorious defense exists (Burckhalter v. Stasky, 276 App. Div. 979 ; Hutchinson v. Weston, 160 Misc. 890).
The question as to whether the default herein was excusable does not require determination for the reason that the proposed answer does not display a meritorious defense.
The defense, set forth affirmatively in the submitted answer and enlarged upon in the defendants’ affidavit and memorandum, is to the effect that no notice of the plaintiffs’ decision to invoke the acceleration clause of the mortgage had been received by the defendants prior to tender by them of payments of the principal and interest in default.
Notice of exercise of an option to accelerate is not required; an election to exercise the option is required, and it must occur prior to tender of the amounts in default. Here the payment of principal and interest was due on October 20, 1960; tender was made after more than the 30 days required by the acceleration clause, on November 25, 1960, acceptance of which would ordinarily be regarded as a waiver of acceleration; the complaint, however, had already been verified by the tender date, to wit, on November 22, 1960. This sworn act of the plaintiffs constituted an election to accelerate, and it is immaterial that the summons was not served until after the tender date, on December 6, 1960 (see Albertina Realty Co. v. Rosbro Realty Corp., 258 N. Y. 472 ; Hirsch v. Badler, 3 A D 2d 921). The defense therefore is lacking legal merit. Motion denied. No costs.