Nathaniel T. Helman, J.
This is an action to foreclose a purchase-money second mortgage for $28,100 payable in installments of $205 monthly from April 1, 1958 to February 1, 1970. Plaintiff elected to accelerate the payment of the balance of principal and interest, $25,357.59, on October 31, I960. The complaint alleges defaults (a) in failing to pay the October installment of $205 as well as those of succeeding months; (b) in neglecting to comply with orders of the city departments in respect to violations against the mortgaged premises; (c) in removing old fixtures and personal property and substituting therefor new fixtures and property purchased under conditional sales contracts; and (d) in not complying with plaintiff’s request for an estoppel certificate.
In addition, plaintiff charges defendants with breach of the mortgage agreement in failing to pay installments due in October, November, December, 1960, and January 1, 1961 for refrigerators and ranges which were on the premises at the time the mortgage was made. Also, there is a matter of $338.51 alleged to be due from tenants when the premises were conveyed, and for which plaintiff claims defendants are liable on a vendees’ lien.
Whether it is unconscionable for plaintiff to demand acceleration of the due date depends on the circumstances of each case. It would appear that the default in paying the installment of principal and interest was not due to any omission on part of defendants but rather to plaintiff’s refusal to accept the check of a “ third person ” or mere stranger. “ While it is not necessary that tender be made in person by the debtor, a tender to be valid must be made by him or someone representing him. As a general rule a tender by a mere stranger is invalid # * *. A tender may be made by an agent or other person authorized to make it on behalf of the debtor ”. (86 C, J. S., Tender, p, 576.)
Ordinarily a check may not be a good medium of the tender where objection is raised on the specific ground that payment is made by check instead of money (Myers v. Associates Discount Corp., 60 N. Y. S. 2d 691). However, plaintiff’s refusal to *1059 accept Pedant’s check was not because it was not good legal tender but because it was a tender by a mere stranger (86 C. J. S., Tender, p. 576; Harris v. Jex, 66 Barb. 232, affd. 55 N. Y. 421). If the proof showed that Pedant was an agent or representative of Southern-Tinton Corp. (New York Life Ins. Co. v. Aitkin, 125 N. Y. 660), plaintiff would then have no valid reason to reject the check solely on the ground that Pedant was a mere stranger. That Pedant represented Southern-Tinton is shown on the face of the check and by the correspondence between the parties. (See letter of Oct. 18 from Goldman to Viscardi.) Plaintiff knew of the conveyance of the property and the assumption of the mortgage by Southern-Tinton. He admits he heard of it “ informally ” before the receipt of the installment check. ‘1 Southern-Tinton Bent Account ’ ’ was typed plainly on the face of the check. When plaintiff received defendant’s personal money order on a bank delivered in payment of the installment, plaintiff had been fully informed of the assumption of the mortgage by Tinton as well as Pedant’s agency to act on behalf of Tinton. (New York Life Ins. Co. v. Aitkin, supra.) Although plaintiff has never repudiated the assumption of the mortgage by Southern-Tinton nor objected to Pedant as a representative or agent of the former, he continued to reject the checks on the obviously specious ground that Pedant was a mere stranger.
Plaintiff has the option to accelerate the mortgage debt but he must do so “ in good conscience and in fairness to the mortgagor.” Violations which have been removed and conditional bills of sale and chattel mortgages which have been satisfied cannot possibly reduce the value of the mortgage lien. Improvements made on the property by replacement of old and outworn fixtures and equipment with new and better articles may indeed have enhanced it. ‘ ‘ All of the circumstances presented here, the delay by plaintiffs, the removal of the violations, the improvement of the property by defendants at a substantial cost, when viewed in their accumulative effect, indicate that the strict enforcement of the acceleration covenant would approach in hardship oppression similar to a penalty”. (Caspert v. Anderson Apts., 196 Misc. 555, 560.)
There was no default in the timely delivery of -the estoppel certificate demanded by plaintiff. Defendant unfairly treated the certificate as a default only because it did not conform to the amount of the balance due on the mortgage as plaintiff thought it should be. Defendant had offset the amount of the check rejected by plaintiff. In so doing, he stated the true balance as he saw it.
*1060 Without a specific provision to such effect in the mortgage agreement, a default in the performance of a covenant does not operate to accelerate the maturity of the principal debt (59 C. J. S., Mortgages, pp. 783, 784; 100 Eighth Ave. Corp. v. Morgenstern, 3 Misc 2d 410, mod. 4 A D 2d 754). Since there is no such stipulation with respect to payment of the articles purchased under a conditional sales contract existing at the time the original mortgage was made, failure of defendant to pay $250 due and payable thereon does not serve to accelerate payment of the mortgage debt.
The existence of a vendee’s lien favorable to plaintiff for $338.51 for back rent should be denied for failure of proof.
We believe in the circumstances of this case, plaintiff resorted to unconscionable means to accelerate payment of the full principal and interest due on the mortgage debt amounting to $25,357.59, by using the pretext and device of refusing to honor the checks tendered to him in good faith by the representative of defendant mortgagor, and by charging defendants with such insubstantial defaults as violations which have been removed and conditional sales liens which have been satisfied on fixtures and equipment which could not possibly have damaged the property but only served to enhance its value and improve it (Rockaway Park Series Corp. v. Hollis Automotive Corp., 206 Misc. 955, affd. 285 App. Div. 1140; Caspert v. Anderson Apts., 196 Misc. 555, supra).
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Judgment will accordingly be entered for the defendants.