## (March 12, 1963)

■ CARL R. BLOMGREN, Appellant, v. TINTON 763 CORP. et al., Respondents, et al., Defendants.

MEMORANDUM BY THE COURT. Judgment dismissing the complaint in an action to foreclose a mortgage on real property, modified on the facts and in the exercise of discretion to provide that the dismissal be conditioned upon the payment of all arrears of mortgage installments to the time of the judgment and the plaintiff's costs and disbursements of the action, and otherwise affirmed, with costs to appellant. There was no default under the mortgage in the payment of installments of interest and principal. The refusal of plaintiff to accept the checks tendered was unwarranted, especially on the grounds urged for such refusal. Nor was there any actionable default in regard to the housing violations or failure to furnish a proper estoppel certificate. However, at the time of the commencement of the action, there was a violation of the terms of the mortgage due to the removal of personal property from the mortgaged premises and the replacement thereof under conditional sales agreements. The record is barren of any proof to show the particular property removed or the condition and value thereof. However, at the trial, defendant offered proof that the substituted personal property was free from incumbrances. Under the law a mortgagor will not be relieved from his default "in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part". (*Ferlazzo* v. *Riley*, 278 N. Y. 289, 292.) In *Domus Realty Corp.* v. *3440 Realty Co.* (179 Misc. 749, affd. 266 App. Div. 725)

Justice SHIENTAG (p. 754) defined "oppressive" conduct as that which "is unjustly burdensome, harsh or merciless". Since an action to foreclose a mortgage is addressed to a court of equity, which should determine the rights of the parties to the suit according to equity and good conscience, the rights are determined on the facts as they exist at the time of the decree and not at the inception of the suit. (19 Am. Jur., Equity, § 411, p. 283; *Baker* v. *Salzenstein*, 314 Ill. 226; *Kosmerl* v. *Sevin*, 295 Ill. App. 345.) The default with regard to the conditional bills of sale had been cured at the time of trial. Under the circumstances, it would have been unduly burdensome and harsh to permit foreclosure as the facts presented themselves at the time of trial. It should be noted that conditional sales agreements covering refrigerators, stoves and sinks in the buildings were in existence even when plaintiff sold the property and obtained the purchase-money mortgage which is the subject of this suit. The replacement of other refrigerators, stoves and sinks and the filing of new conditional sales agreements were therefore not an unexpected development in the operation of the buildings. Perhaps the most significant evidence that plaintiff did not regard the substitution of other refrigerators, stoves and sinks for the old ones in the building as any impairment of the security of the mortgage, was the letter of October 31, 1960 written by plaintiff to defendant, claiming a default and accelerating the principal of the mortgage. No mention is made in that letter of any claim or default on the basis of any conditional sales agreements. However, while foreclosure was properly denied, defendant was not entirely without fault. At the commencement of the action there was a technical default. The trial court should therefore have required defendant, as a condition for extending equitable relief from the rigid enforcement of the mortgagee's rights, to pay all arrears in installments of principal and interest, and to pay the plaintiff's costs and disbursements of the action. Just as a court of equity will require a party, who invokes its relief, to deal fairly with the defendant, there is a reciprocal requirement that in relieving the mortgagor from a default there be fair-dealing with the plaintiff, who, at least at the inception of the action, had some basis for invoking the jurisdiction of the court. Settle order on notice.

BREITEL, J. P. (dissenting). I dissent and vote to reverse and grant foreclosure. This is not a case involving solely the curing of a default but primarily the acceleration of the obligation to pay the entire debt.

The mortgage in suit is a purchase-money mortgage originally given to plaintiff's close corporation, the grantor of Tinton 763 Corporation, the predecessor in title of defendant owner Southern Tinton Corp. At inception it was in the amount of $28,100 and at the time this action was begun it had been reduced to $25,357. It is junior in lien to a $61,000 first mortgage which had been reduced to $38,745.98.

It is undisputed that personal property, consisting of refrigerators, sinks and stoves, subject to the mortgage, were removed. These were replaced by similar items subject to conditional sales liens in excess of prior liens on personalty, such excess evidently aggregating from not less than $3,375 to nearly $9,000 as asserted by plaintiff mortgagee. In the absence of consent by the mortgagee, which was neither sought nor given, such removal and replacement with incumbered property was a breach of the mortgage obligation. Although the mortgage expressly makes such breach a ground for acceleration of the mortgagor's obligation to pay the entire principal sum, it was not until 14 months after the action was begun that the liens were satisfied.

It may be that a technical breach, *de minimis* in character at the inception, or a breach which would be substantial had it not been immediately cured without prejudice to the mortgagee, will not suffice to accelerate the obligation to

pay the principal sum (e.g., *Noyes* v. *Anderson*, 124 N. Y. 175; *100 Eighth Ave. Corp.* v. *Morgenstern*, 4 A D 2d 754; *Domus Realty Corp.* v. *3440 Realty Co.*, 179 Misc. 749, 754, affd. 266 App. Div. 725; *Nove Holding Corp.* v. *Schechter*, 218 App. Div. 479, 486–488). Even that degree of liberality, however, may be difficult to sustain in the light of other authoritative precedent (e.g., *Albertina Realty Co.* v. *Rosbro Realty Corp.*, 258 N. Y. 472, 475, involving a three-day delay in payment of an installment of principal; *Graf* v. *Hope Bldg. Corp.*, 254 N. Y. 1, involving payment of an incorrectly computed amount of interest and attempted cure immediately on notice of acceleration given immediately after the expiration of the grace period; cf. *Weirfield Holding Corp.* v. *Pless & Seeman*, 257 N. Y. 536, involving "payment" of interest by check drawn against uncollected funds). Indeed, in more recent cases the strict rules applicable to avoiding an exercised acceleration, as distinguished from rules applicable to curing merely a default, have been applied (see *Hirsch* v. *Badler,* 3 A D 2d 921; *Gold* v. *Vanden Brul,* 28 Misc 2d 644).

At the very least, a breach, not *de minimis* in character, and not promptly cured, is a substantial breach and, if it serves to accelerate the mortgagor's obligation, such acceleration is not nullified merely because at some time in the future (let alone 14 months after action brought based upon the option to accelerate) the mortgagor seeks to correct the breach. Indeed, even in the dissenting opinion of Chief Judge CARDOZO in *Graf* v. *Hope Bldg. Corp.*, in which the distinction between defaults in primary debt obligations and those affecting the security were demarked, it was expressly assumed, as a matter of course, that, after notice of acceleration, an early attempt to cure a breach was a prerequisite to equitable relief for the mortgagor from the terms of his mortgage (254 N. Y. 1, 10, *supra*). For a further collection of cases and a discussion of the distinctions involved, see McManus, Enforcement of Acceleration Clauses in New York (8 New York Law Forum 466).

On the foregoing analysis the rule applicable in equity that rights are determined on the facts as they exist at the time of the decree is of no relevance. That rule is concerned with the effectiveness of the court's decree (19 Am. Jur., Equity, § 411). The facts at the time of the trial here are that there was an acceleration irrevocably effected and crystallized by a delay well in excess of one year (36 Am. Jur., Mortgages, §§ 394–401).

Rabin, Valente, McNally and Stevens, JJ., concur in Memorandum by the Court; Breitel, J. P., dissents in opinion.

Judgment modified, etc. [33 Misc 2d 1057.]