■ JOSEPH CERULLO, Respondent, v. JOHN J. CERULLO et al., Appellants. (Appeal No. 1.) — Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Paragraph 12 of the land contract sought to be enforced permits the vendor to extinguish the rights of the vendee only upon the obtaining of a final order in a summary dispossess proceeding. Since plaintiff as vendor under a land contract cannot maintain such a proceeding (see 16 Carmody-Wait 2d, New York Practice, § 98.5), we find nothing in the language of paragraph 12 which would entitle plaintiff to extinguish the rights of the vendee upon failure to pay installments due. The contract does not provide for acceleration of installment payments nor does it provide for a forfeiture of the vendee's rights under the contract by virtue of a default. In such a circumstance an action to foreclose the contract and extinguish the rights of the vendee may not be maintained (1A Warren's Weed, New York Real Property, Contracts, § 11.04; *Hinman* v. *Hinman,* 146 Misc. 786). Plaintiff's remedy would be an action against the vendee for the unpaid installments and not a foreclosure of his rights under the contract resulting in a forfeiture of the substantial sums already paid, representing the vendor's entire equity in the property. (Appeal from order and judgment of Erie Special Term granting summary judgment in action to foreclose land contract.) Present — Goldman, P. J., Marsh, Moule and Henry, JJ.

■ JOSEPH CERULLO, Respondent, v. JOHN J. CERULLO et al., Appellants (Appeal No. 2) — Appeal unanimously dismissed as academic in view of decision in *Cerullo* v. *Cerullo* (40 A D 2d 945) decided herewith. (Appeal from order of Erie Special Term denying motion to vacate judgment granting summary judgment.) Present — Goldman, P. J., Marsh, Moule and Henry, JJ.