William J. Crangle, J.
Plaintiffs’ complaint alleges breach of contract for the sale of a motel and restaurant business in Lake Placid, New York. As contract sellers, plaintiffs complain that defendant buyers violated covenants as set forth in the following paragraphs:
u IX * * * that this contract is not assignable by the Co-Purchasers without the written consent of the Sellers, except that when the total principal amount due under this contract has been reduced to $250,000.00, then the Co-Purchasers may sell the property herein subject to the indebtedness then against same.
“ XIII This contract is assignable, without the consent of the Sellers, to a corporation owned solely by the Co-Purchasers, which corporation is to continue to be owned solely by the Co-Purchasers.
“ V * * * that the Co-Purchasers will keep the premises insured for fire insurance for the protection of the Sellers’ *573 interest therein and will furnish the Sellers satisfactory evidence of such insurance.
‘ ‘ XI The Co-Purchasers further agree to operate the premises herein in a good and workmanlike manner and to maintain said premises in good condition.”
The plaintiffs claim that defendants have violated these covenants in that two of the defendant buyers have sold and assigned their interest in the contract to the remaining defendant buyer and that the latter has allowed the premises to deteriorate and to fall into a dangerous and unproductive condition. They fur-her claim that he has failed to maintain sufficient insurance on the property and that defendants’ refusal to record the contract in the County Clerk’s office is a breach of an inherent right of a contract vendor which exists in law and equity though not set forth in the contract.
It appears from the moving papers that all payments required by the contract have been made to date, that the property is being operated as a motel and restaurant, that plaintiffs are not entitled to the personal services of the defendants under the contract (and have therefore not been deprived of them by the assignment), that the defendants all. remain personally liable for the performance of their contract with plaintiffs and have not abandoned these obligations. Plaintiffs ask for judgment for the unpaid balance of the purchase price, appointment of a receiver, sale of the premises at public auction and a deficiency judgment. They have moved for summary judgment and defendants have cross-moved for dismissal of the complaint for failure to state a cause of action.
Plaintiffs are, in effect, asking for accelerated payment of the purchase price in consequence of the alleged breaches of covenant although .the only such acceleration clause is contained in paragraph V for default in payment of principal or interest for 30 days or taxes and assessments for 60 days after notice and demand. There is no such acceleration clause with reference to these covenants and none can be implied. (Cerullo v. Cerullo, 40 A D 2d 945, app. dsmd. 32 N Y 2d 676; Cranston v. Wheeler, 37 Hun 63; Blomgren v. Tinton 763 Corp., 33 Misc 2d 1057, 1060, mod. 18 A D 2d 979; 100 Eighth Ave. Corp. v. Morgenstern, 3 Misc 2d 410, mod. 4 A D 2d 754.) The latter case citing Wiltsie on Mortgage Foreclosure (5th ed., vol. 1, § 39, p. 74) quotes the general rule as follows: “ in the absence of an [acceleration] clause, the right to foreclose does not arise before the maturity of the debt secured by the mortgage, even .though the security is likely to be impaired in the interim. ’ ’ (100 Eighth Ave. Corp. *574 v. Morgenstern, supra, p. 415; see, also, 59 C. J. S., Mortgages, § 495 [3], p. 783.)
The same rule is applied with respect to land contracts (Cerullo v. Cerullo, supra). Mortgages differ in some essential respects from land contracts and the rights of the parties vary accordingly. But precedent and reason support the position that equity will not enforce a forfeiture more readily in the case of one than the other. The court in the ease of Conners v. Winans (122 Misc. 824), sets forth the applicable principles in some detail and quotes Pomeroy on Equity Jurisdiction ([4th ed.], vol. 3, § 1261, p. 3042) as follows: “ The position of the vendor prior to conveyance is defined and determined by the doctrine of equitable conversion * * * In equity, his real interest is personal estate; he becomes by equitable conversion the owner of the purchase-money, of which the vendee is trustee ” (Conners v. Winans, supra, p. 827; see, also, 55 Am. Jur., Vendor and Purchaser, § 447). It is true that the vendor retains substantial legal interests in the property itself but these are subject to his contractual obligations. The vendee becomes the equitable owner of the realty which as in a mortgage transaction remains as security for the payment of the purchase price.
The parties to the contract at bar specifically agreed that “ from the execution of this contract .the sellers’ rights are only the rights of >a so-called mortgagee and/or contract vendor, which rights are spelled out in the ‘ original contract ’ and this Collateral Contract.” It is apparent if the parties wished to make the security immediately available upon a default in performance of these covenants, whether the transaction is a mortgage or a land contract, that their original agreement should have contained an acceleration clause. (55 Am. Jur., Vendor and Purchaser, § 453.)
In an opinion interpreting a nonassignability clause akin to the present case one court said, “ The nonassignability clause in the subject contract did not provide .that an assignment thereof would be void. Instead it contemplated [as here] the possibility of an assignment but made assignment subject to the contract obligee’s written consent * # * therefore, the clause constituted only a personal right to Builders to recover damages for breach of the agreement not to assign [citations omitted].” (Belge v. Aetna Cas. & Sur. Co., 39 A D 2d 295, 298.)
Each of the other covenants upon which plaintiffs also base their complaint are personal covenants breach of which gives rise to a cause of action for money damages. When read in context with the agreement as a whole it cannot be said that the *575 parties intended that the performance of any of them was to he a condition precedent to the continuance of the contract until the last installment was paid and -a deed delivered. If the parties had intended otherwise they could have formally agreed to an acceleration of the time for full payment but in the absence of clear language to this effect a forfeiture will not be decreed and plaintiffs must pursue their remedy in an action for money damages. Under some circumstances, of course, such as threatened waste which would result in plaintiffs ’ irremediable injury, plaintiff might seek an injunction against the default (Matter of De Stuers, 199 Misc. 777, 781; Conners v. Winans, 122 Misc. 824, supra; 62 N. Y. Jur., Vendor and Purchaser, §§ 146, 147).
Plaintiffs having mistaken their remedy, their allegations of various breaches of contract will not now be considered upon their merits and their motion for summary judgment is denied.
The motion to dismiss the complaint is granted without costs and without prejudice to plaintiffs to serve an amended complaint if they are so advised.