Memorandum. The order of the Appellate Division should be affirmed. Defendants’ motion to dismiss the complaint under CPLR 3211 (subd [a], par 5) on the ground that the cause of action may not be maintained because of the Statute of Frauds was properly granted—the letter of January 31, 1963, the only paper-writing submitted on the motion, does not evidence an agreement enforceable against the individual defendants, whatever may be the liability of the corporation to plaintiff, an issue on which we express no view.
When plaintiff joined the employ of HBS, Ltd., the corporate defendant, an agency offering services to arrange engagements and contracts for artists, performers and writers, he brought with him a number of his personal clients. Certain provisions with respect to such clients and the division of commissions on their contracts in the event plaintiff left the agency were set forth in a letter dated January 31, 1963:
"During the term of your employment with HBS, LTD. the following will be the understanding.
"1) If you leave HBS, LTD. for any reason whatsoever, any clients which you have signed to HBS, LTD. during your term of employment may have the right to an immediate release from HBS, LTD. if they wish same.
"2) Any commissions accruing from contracts negotiated for your clients while you are an employee of HBS, LTD. will go to HBS, LTD., but the extent to which HBS, LTD. will share with you will be negotiated at the time of your departure, it being understood HBS, LTD. will receive a minimum of 5%.
"3) If any deals are in the process of being negotiated for your clients, but which have not been completed at the time of your leaving HBS, LTD., there will be an arrangement made between you and HBS, LTD. at the time to determine the disposition of commissions accuring [sic]from such deals.” Plaintiff left the agency in 1972 and subsequently instituted *60 the present action for alleged breach of the termination agreement. We are concerned on the present appeal only with the claims asserted against the individual defendants, each of whom was a corporate officer.
In support of the motion to dismiss it is urged that since the only obligation of the individual defendants would be as guarantors of the corporate obligation to share its commissions with plaintiff, there is no writing containing an enforceable obligation of guarantee. It is argued that the letter of January 31 is insufficient in two aspects. First, it contains no language of guarantee. Second, it omits a material term of the obligation to be guaranteed. We agree with this second contention. The January 31 letter does not set forth all the material terms of the corporate obligation, and a fortiori of an individual guarantee thereof.
It was expressly contemplated that if plaintiff left the agency the division of all termination commissions would be negotiated between the parties at that time. Under paragraph (2) the parties were to agree as to plaintiff’s share of the commissions on contracts which had been negotiated for his clients—in the range from 0% to 50% (expressed as 5% which would be one half of the regular 10% commission). Under paragraph (3) the parties were again to agree on plaintiff’s share of the commissions received on contracts which were still in the process of negotiation for his clients—this time in the range from 0% to 100%.
We agree with the majority at the Appellate Division that, standing alone, the letter fails to include a material element of the contract—the extent of plaintiff’s right to the commissions for which he now sues. At best there is but an agreement to negotiate at some future date. The void left by this omission is not one which the court may appropriately fill, even in the context of this employment relationship. Criteria are unavailable as to fraction or amount or as to the period over which payment shall continue to be made. It would be different even had the minimum of one half been fixed in plaintiff’s favor. Short of written proof of a negotiated division there is here no obligation which the courts may enforce against defendants as guarantors.
Even if the complaint be read as containing an allegation that a 50% division of commissions was in fact separately negotiated pursuant to the January 31 letter, the fatal insufficiency is that the alleged negotiations for any such division *61 concededly were oral only, never having been reduced to any writing. The Statute of Frauds precludes adding any alleged oral understanding to the letter of January 31, 1963 to make a complete, enforceable contract of guarantee (General Obligations Law, § 5-701, subd 2).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.