MARK BRAYTON, Respondent, v JOHN PAPPAS et al., Appellants, et al., Defendant.

Fourth Department, May 14, 1976

*Panels & Panels (Daniel Panels* of counsel), for appellants.

*Samuel B. Vavonese* for respondent.

MOULE, J. The question presented on this appeal involves the right to foreclose on a mortgage upon the breach of a

mortgage covenant which is not included within the scope of an acceleration clause in the instrument.

This case is before us following the denial of a motion to dismiss, made pursuant to CPLR 3211 (subd [a], par 7) and 3211 (subd [a], par 1). Insofar as that motion challenged the sufficiency of plaintiff's complaint, the allegations contained therein must be deemed to be true *(Rainbow Shop Patchogue Corp. v Roosevelt Nassau Operating Corp., 34 AD2d 667)*. The complaint shows that in October, 1969 plaintiff's assignor was the owner in fee of a certain parcel of real property in the Village of North Syracuse which was improved by a four-room frame dwelling. On October 31, 1969 she conveyed this property to defendant Izzo and took back a purchase-money mortgage in the amount of $8,000. The mortgage contained a condition that no building on the premises shall be removed or demolished without the consent of the mortgagee. On January 13, 1970 defendant Izzo conveyed the property to defendants John and Vasilios Pappas who assumed the outstanding mortgage.

In the fall of 1971, contrary to the covenant contained in the mortgage, defendants Pappas demolished the four-room dwelling without the consent of plaintiff's assignor. Thereupon plaintiff on July 29, 1975 commenced an action to foreclose. Subsequently an amended complaint was interposed adding a second cause of action in breach of contract.

Defendants Pappas moved to dismiss both the original and amended complaints. Their motion was predicated upon the absence of a clause in the mortgage which accelerated the date on which full payment was due upon breach of the covenant not to remove buildings without the mortgagee's consent. It is urged that absent such a provision, the mortgagee may not foreclose.

A mortgage is a contract and must be construed in accordance with the intention of the parties *(De Clow v Haverkamp, 198 App Div 83)* as expressed by the language they chose to employ *(Wilson Sullivan Co. v International Paper Makers Realty Corp., 307 NY 20; Nau v Vulcan Rail & Constr. Co., 286 NY 188)*. Courts cannot supply an omitted term of a contract under the guise of construction *(Wilson Sullivan Co. v International Paper Makers Realty Corp., supra)*, and where the language is clear and unambiguous it must be given effect in arriving at the parties' intent *(Delancey Kosher Rest. & Caterers Corp. v Gluckstern, 305 NY 250)*.

A mortgagor's default in the performance of any covenant or agreement contained in a mortgage does not operate to accelerate the maturity of the principal debt unless there is a specific stipulation to that effect. An acceleration clause, in order to be enforceable so as to mature the entire debt for purposes of foreclosure, must be clear and certain. It will not be supplied by inference *(100 Eighth Ave. Corp. v Morgenstern,* 3 Misc 2d 410, mod other grounds 4 AD2d 754; see, also, *Cerullo v Cerullo,* 40 AD2d 945; *Gadway v Schachenmayr,* 78 Misc 2d 572; *Blomgren v Tinton 763 Corp.,* 33 Misc 2d 1057, mod other grounds 18 AD2d 979; 59 CJS, Mortgages, § 495 [3], p 783). The existence of the underlying debt is the foundation upon which a mortgagee's interest is based, and there can be no legal default before its maturity *(Indian Riv. Islands Corp. v Manufacturers Trust Co.,* 253 App Div 549).

In the instant situation, the mortgage instrument, as drafted by the original parties, protects the mortgagee's right to foreclosure by the inclusion of a clause accelerating the maturity of the debt upon the mortgagor's failure to pay installments of principal or interest; upon failure to pay taxes, water rates or assessments; upon failure to assign or deliver fire insurance policies or to reimburse the mortgagee for premiums paid; and upon failure to furnish a statement of the amount due on the debt. It does not, however, make such provision in the event the mortgagor demolishes buildings on the property. Accordingly, the mortgagee has no right to foreclose and its cause of action in foreclosure should have been dismissed.

This is not to say, however, that the mortgagee is without remedy. If defendants Pappas demolished the four-room residence on the property and did not first obtain permission to do so, they were in breach of an express condition of the mortgage agreement and plaintiff should be entitled to damages, if any, as a consequence of their diminution of his security. A cause of action for breach of contract was interposed by way of plaintiff's amended complaint and that portion of his pleading should stand. It appears that plaintiff also has a cause of action for waste *(Van Pelt v McGraw,* 4 NY 110, 112; *Syracuse Sav. Bank v Onondaga Silk Co.,* 171 Misc 993; *Cottle v Wright,* 140 Misc 373) and that his allegations of breach of contract might be liberally read to include such an action within its terms (CPLR 3026). It should be noted, however, that as a mortgagee, plaintiff is entitled to recover no more than the

balance due on the loan *(Syracuse Sav. Bank v Onondaga Silk Co., supra).* His complaint shows that such balance amounts to $3,920.32. His damages, therefore, must be limited to the difference, if any, between $3,920.32 and the value of the land in unimproved condition, plus interest.

The order should be modified in accordance herewith.

MARSH, P. J., CARDAMONE, MAHONEY and GOLDMAN, JJ., concur.

Order unanimously modified in accordance with opinion by MOULE, J. and as modified affirmed, without costs.