■  Izrael Kaplan, Appellant, v 2108-2116 Walton Avenue Realty Co., Inc., et al., Respondents.—Order, Supreme Court, Bronx County, entered February 17, 1977, affirmed without costs and without disbursements. Special Term, having granted summary judgment in this mortgage foreclosure proceeding, received new papers on a motion erroneously denominated for reargument, but supplying new and additional facts, therefore partaking of the nature of renewal. (Defendant-respondent's explanation for delay in the submission of the new matter was accepted by Special Term, and it is not implausible.) The effect of these additional papers was to introduce into this apparently routine foreclosure a new element, primarily by way of projected affirmative defense: an alleged separate oral agreement whereby defendant-respondent purchaser-mortgagor of rundown property was to be accorded certain consideration in respect of the mortgage payment schedule for work done by the occupant in rehabilitating the property. There were said to be further ramifications of this basic agreement as time passed, and a Receiver was appointed and collected rents. It was further claimed that plaintiff had proceeded in bad faith in carrying out the arrangement made and particularly that moneys derived as rents from operation of the property, a single-occupancy rooming house, and coming into plaintiff's control through the court's Receiver, were diverted by plaintiff for purposes other than payment of obligations under the mortgage. The only answer made to this allegation is that such a claim may be considered only at the time of the Receiver's interim accounting. It is nowhere denied by plaintiff that defendant removed violations; the answer made is that this is irrelevant. It is worthy of note that neither of these responses is a denial of defendant's allegation but, rather, an avoidance. While the remedy of summary judgment has been available in this State since 1921, and in England since 1855 (see Shientag, Summary Judgment, p 3), it has long had as its keystone the axiom that a "court is not authorized to try the issue, but is to determine whether there is an issue to be tried." (Dwan v Messarene, 199 App Div 872, 879.) There is such an issue to be tried here. Our dissenting brother has apparently, however, made a credibility judgment in arriving at his conclusion that summary judgment of foreclosure should have been granted to plaintiff. We arrive at no such conclusion either way. The small gleanings

from the papers before Special Term cited above are sufficient to indicate that there are issues of fact concerning the claim of bad faith and unconscionable and oppressive conduct on plaintiff's part. (See *Blomgren v Tinton 763 Corp.*, 18 AD2d 979; *Ferlazzo v Riley*, 278 NY 289.) Accordingly, summary judgment was properly withheld. Application by respondent on the calendar call for permission to submit an additional letter denied. Concur—Fein, Markewich, Lynch and Sullivan, JJ.

Silverman, J. P., dissents in a memorandum as follows: I would reverse the order appealed from and grant plaintiff's motion for summary judgment. Defendant's belated claim (made in reply papers on a motion for reargument) of an alleged oral promise to permit suspension of payments under the mortgage is unsupported by any factual detail. "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial. * * * An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded" (*Di Sabato v Soffes*, 9 AD2d 297, 301). I disregard plaintiff's claim that the alleged agreement is invalid as a violation of the provision of the mortgage forbidding oral modification as no record reference is given and this provision is apparently not in this 100-page record.