■ JOHN GAGNON et al., Respondents, v HERSHAL CHARLTON, Appellant. —Appeal from an order of the County Court of St. Lawrence County, entered June 5, 1978, which granted plaintiffs' motion for summary judgment. On December 3, 1977, defendant entered into a written agreement with plaintiffs John and Helen Gagnon for the sale of a trailer lot. The agreement drawn by the parties provided for a purchase price of $2,000, with 3% annual interest and a down payment of $200, together with $50 monthly payments. No date was specified when the deed was to be conveyed. Defendant and his family commenced possession and occupation of the lot immediately upon execution of the agreement. Defendant filed the agreement in the county clerk's office on March 10, 1978. After making the January and February payments, defendant learned that there were liens on the property as well as unpaid taxes. Defendant made no further monthly payments, but, rather, placed the money in an escrow account. The Gagnons commenced an action for ejectment and sold the lot to plaintiffs Clifford and Ruth Brown, who also commenced an action for ejectment against defendant. The Browns recorded their deed on April 13, 1978. The actions were consolidated. Plaintiffs' motion for summary judgment and for

an order granting possession of the real property to the Browns was granted and defendant's cross motion for summary judgment for an order granting him possession was denied. This appeal ensued. Contrary to defendant's contention and misplaced reliance on *Cerullo v Cerullo* (40 AD2d 945, app dsmd 32 NY2d 676), an action for ejectment does lie where a vendee fails to pay a due installment *(Burnett v Caldwell,* 76 US 290). Since defendant concededly failed to pay a due installment, the instant action for ejectment is maintainable. However, County Court improperly granted plaintiffs' motion for summary judgment since there are questions of fact concerning whether the Browns had notice of the defendant's interest in the premises. Finally, if it be determined that the Browns were on notice, further questions of fact remain as to whether defendant was justified in refusing to make the installment payments to the Gagnons because the Gagnons had failed to pay real estate taxes assessed against the property and had permitted liens to accumulate against the property. Order reversed, on the law, without costs, motion denied and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.