■ HPSC, INC., Appellant, v G. DUANE MATTHEWS et al., Respondents.—Crew III, J.

On August 27, 1982 Deborah Matthews (hereinafter Matthews), a licensed dentist in Louisiana, signed a lease to rent certain dental equipment from plaintiff, a dental equipment leasing company. Sometime in November 1984, Matthews defaulted in making payments on the lease and, by letter dated January 29, 1985, plaintiff sent Matthews a proposed restructured lease payment schedule effective February 1, 1985. The letter also provided in pertinent part: "All other terms and conditions remain the same. * * * As this represents an extension of the original term, the provisions of which you were unable to meet, we require your parents' signatures as co-signers to this Addendum. They will be jointly responsible for the terms of this restructure." Both Matthews and defendants, her parents, signed the letter.

Defendant Jean T. Matthews drafted a check dated February 12, 1985 in the amount of $321 and mailed it along with a billing statement to plaintiff as the first payment under the terms of the aforesaid letter. It appears that no other payments were made and less than a year later, plaintiff notified

Matthews and defendants of their default under the restructured payment schedule. On August 30, 1989, plaintiff commenced this action against defendants seeking damages in the amount of $54,192.96 based upon defendants' alleged personal guarantee of Matthews' indebtedness to plaintiff. Defendants answered and asserted a defense of the Statute of Frauds pursuant to General Obligations Law § 5-701 (a) (2). After a nonjury trial, Supreme Court dismissed plaintiff's complaint on the ground that the January 29, 1985 letter was insufficient to satisfy the Statute of Frauds. This appeal by plaintiff ensued.

During the nonjury trial, plaintiff's evidence indicated that the damages of $54,192.96 comprised $35,391 of billed and unpaid restructured payments, $5,465.47 of service charges, $8,100 of accelerated unbilled restructured payments and $5,236.49 of residual payments. Defendants testified that they never received a copy of the lease agreement between plaintiff and Matthews and were unaware of the terms and conditions of that agreement. Robert Laws, an employee of plaintiff, conceded that defendants were never provided with the original lease agreement. The critical issue on this appeal is whether the letter dated January 29, 1985, which was written by plaintiff and signed by defendants, was sufficient to satisfy General Obligations Law § 5-701 (a) (2).

In order for a memorandum or note to meet the requirements of the Statute of Frauds, it must be subscribed by the party to be charged therewith and it " 'must contain all the essential or material terms of the agreement, either expressly or by reasonable implication' " (see, Warner & Whitney v Union Camp Corp., 166 AD2d 776, 777). In determining whether a memorandum or note satisfies the Statute of Frauds, consideration is based solely upon the language in the document itself, without resort to parol evidence (see, Bazak Intl. Corp. v Mast Indus., 73 NY2d 113, 118; see also, Tetz v Schlaier, 164 AD2d 884, 885). The memorandum or note "must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is" (Mentz v Newwitter, 122 NY 491, 497; see, Gilinsky v Sarbro Realty Corp., 138 AD2d 823, 824). Additionally, an acceleration clause, in order to be enforceable so as to mature the entire debt for purposes of personal guarantee agreements, must be clear and certain and will not be supplied by inference (cf., Brayton v Pappas, 52 AD2d 187, 189).

In this action, plaintiff seeks to collect from defendants

$13,565.47 of accelerated unbilled restructured payments and service charges based upon defendants' personal guarantees of Matthews' debt. It is undisputed that defendants did not receive copies of the lease agreement between plaintiff and Matthews and, in any event, the lease agreement did not contain an acceleration clause. A review of the January 29, 1985 letter reveals that there are no terms or conditions relating to acceleration of the debt or the service charges sought to be recovered. Although not essential to a personal guarantee agreement, we view such terms and conditions as material and will not supply them by inference. Additionally, nothing in the letter suggests that defendants were to be responsible for the previous unpaid installments under the original lease, as opposed to the $321 payments called for in the restructured lease payment schedule. We therefore agree with Supreme Court's conclusion that the letter dated January 29, 1985 was insufficient to satisfy the Statute of Frauds in that it did not contain all material terms of the parties' alleged agreement (see, Griffin v Bookman, 39 NY2d 57, 60-61; Warner & Whitney v Union Camp Corp., supra; cf., Brayton v Pappas, supra).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.