OPINION OF THE COURT
Memorandum.
Order dated May 1, 2000 unanimously modified by providing that the branch of tenant’s motion seeking to vacate the final judgment is granted and the petition is dismissed, and that the branch of tenant’s motion seeking to be restored to possession is denied without prejudice to renewal after joinder of the new tenant in possession; as so modified, affirmed with $10 costs to tenant.
Appeal from final judgment unanimously dismissed as academic.
The record reveals that tenant’s son, Roger Smith, appeared on the return date of the petition and reached a settlement with landlord’s attorney, as a result of which the matter was marked “settled.” The record also reveals that Smith mailed to landlord money orders totaling $1,500, an amount in excess of the rent arrears sought in the petition, and that landlord sent these money orders back to Smith, claiming that it could not accept payment from anyone but the tenant of record. Although no written motion to restore the matter to the calendar was made, landlord, on March 13, 2000, obtained the entry of a final judgment and tenant was evicted pursuant thereto. Upon a motion by tenant to vacate the final judgment and to be restored to possession, the Justice Court acknowledged that Smith had appeared on the return date and that the matter had been settled. Nevertheless, the court denied the motion on the ground that it lacked the power to restore tenant to possession.
Contrary to the holding of the Justice Court, it is well settled that a court of limited jurisdiction may in proper cir *441 cumstances vacate its final judgment and restore to possession a tenant who has been evicted pursuant to the judgment (CPLR 5015 [d]; UJCA 212; Matter of Brusco v Braun, 84 NY2d 674, 682; Iltit Assocs. v Sterner, 63 AD2d 600). Here, the final judgment should have been vacated because there was no proper basis for its entry. The matter having been settled, it was improper for the court to enter a final judgment for landlord without a motion for the entry of judgment made upon proof that the settlement provided that judgment could be entered upon a default by tenant and upon proof of such default. Accordingly, we grant that branch of tenant’s motion seeking to vacate the final judgment.
We also dismiss the petition. It is undisputed that Smith tendered the full amount of the arrears prior to the entry of judgment. A tender of the full amount owed prior to the entry of judgment precludes the entry of judgment (Matter of Albany v White, 46 Misc 2d 915; Janes v Paddell, 74 Misc 409; Scherer, Residential Landlord-Tenant Law in New York § 12:15). Landlord was not within its rights in rejecting tenant’s son’s tender. A tender may be made by the debtor himself or by his agent (see, Blomgren v Tinton 763 Corp., 33 Misc 2d 1057, mod on other grounds 18 AD2d 979; 83 NY Jur 2d, Payment and Tender § 146; 86 CJS, Tender § 32). Having settled the case with tenant’s son, landlord cannot be heard to claim that it was not aware that tenant’s son was a party authorized to tender payment on tenant’s behalf.
Because there is now a new tenant in possession, tenant’s application to be restored to possession cannot be granted in the absence of the joinder of such new tenant (e.g., Eight Assocs. v Hynes, 102 AD2d 746, 748, affd 65 NY2d 739). Accordingly, the branch of tenant’s motion seeking to be restored to possession is denied without prejudice to renewal after joinder of the new tenant in possession. We note that, upon such renewal, a determination of tenant’s application to be restored will require “a careful balancing of the equities” as between tenant and the new tenant in possession (B. & A. Realty Co. v Castro, NYLJ, May 9, 1995, at 25, col 1 [App Term, 1st Dept]).
Floyd, P. J., Colabella and Coppola, JJ., concur.