<partyblock>

Guoco Hempstead Property, LLC, Respondent,

against

Bendary Eltaiar, Appellant.

Bendary Eltaiar, appellant pro se.

David S. Harris, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered April 30, 2018. The order denied tenant's motion to be restored to possession in a nonpayment summary proceeding.

ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination, in accordance with this decision and order, of tenant's motion to be restored to possession, following the joinder of the new tenant in possession, if any, and service upon the new tenant of a copy of tenant's motion to be restored to possession.

In this commercial nonpayment proceeding commenced by the prior owner of the property, Bernadette Severe, Severe and tenant entered into a so-ordered stipulation dated March 25, 2015, pursuant to which a final judgment was entered and a warrant was issued and stayed for scheduled payments to be made. Guoco Hempstead Property, LLC (landlord) purchased the property on May 5, 2017 and was substituted as petitioner by order dated August 18, 2017. Tenant was evicted on November 27, 2017 and promptly moved to be restored to possession, alleging that he had made payments to Severe in accordance with the stipulation until she had told him to "hold" his rent payments because she was on vacation. He alleged that he had not been given notice that the property had been sold to landlord or that he should have been making rent payments to landlord. In opposition to tenant's motion, landlord's attorney submitted what [*2]he called an "assignment of rent." In fact, it is a document dated May 5, 2017 that purports to be from the prior owner giving tenant notice of the transfer of title and that future rent payments were to be made to landlord. Tenant appeals from the denial of his motion.

In denying tenant's motion, the Civil Court found, as fact, that tenant had been "notified by letter that petitioner was the new owner and directed by B. Severe where to deposit his future rents." However, tenant alleged that he had not been given any such notice. Contrary to the views expressed in the dissent, the court's fact finding was inappropriate because, where papers submitted in support of and in opposition to a motion "raise a factual dispute on a material point," a hearing is required to resolve that issue (see People v Gruden, 42 NY2d 214 [1977]; see also CPLR 2218). Given tenant's further allegations that he had continued to pay rent to and communicate with Severe after the sale of the property, a hearing is required to determine, first, whether tenant was on notice to make the payments to the new owner and, if not, whether tenant was in substantial compliance with the stipulation.

We note that if there is a new tenant in possession, the new tenant must be joined prior to the hearing (see Eight Assoc. v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]; Adelphi Assoc., LLC v Gardner, 18 Misc 3d 132[A], 2008 NY Slip Op 50085[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Chester Mamaroneck Gardens v Riggsbee, 189 Misc 2d 439 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]).

Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination, in accordance with this decision and order, of tenant's motion to be restored to possession, following the joinder of the new tenant in possession, if any, and service upon the new tenant of a copy of tenant's motion to be restored to possession.

ALIOTTA and SIEGAL, JJ., concur.

WESTON, J.P., dissents and votes to affirm the Civil Court's order in the following memorandum:

In this commercial nonpayment proceeding, the Civil Court denied tenant's motion to restore the case to the calendar and restore him to possession based on findings of fact drawn from the parties' submissions. Contrary to the majority's determination, I see no basis to disturb these findings and vote to affirm the order.

In support of his motion to restore, tenant submitted an affidavit alleging that he was unaware that a new landlord had acquired the premises, that he had not been served with the motion to substitute because he was "very sick and underwent extensive surgery," and that he continued to pay the former landlord under the belief that she still owned the property. Tenant submitted "receipts" he claimed to have received from the former landlord and which purport to contain her handwritten name.

In denying tenant's motion, the Civil Court rejected tenant's version of the events in favor of landlord. In doing so, the Civil Court found that the former landlord had notified tenant by letter that the premises had been sold to petitioner and indicated where to submit future rent payments. The court gave little credence to tenant's argument that he was unaware of the sale and unknowingly continued to pay rent to the former landlord, noting that some of his submitted "receipts" were "undated" and that none of his documentation contained original signatures.

Despite these findings, the majority concludes that the Civil Court erred in deciding tenant's motion without a hearing. I disagree. By suggesting that landlord should have submitted proof that tenant received notice of the new lessor, the majority impermissibly shifts the burden to nonmovant landlord and disregards the findings of the Civil Court judge. Moreover, any claim that tenant was unaware that the premises had been sold is undermined by landlord's previous motion to substitute itself as petitioner, which was served on tenant's attorney of record on August 4, 2017 (see e.g. Hess v Tyszko, 46 AD2d 980 [1974] [service of papers upon the attorney of record is service upon the party]). In my opinion, the Civil Court had before it everything necessary to make a determination, and I decline to disturb that determination on appeal (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; RHM Estates v Hampshire, 18 AD3d 326, 327 [2005]).

Since tenant had failed to make payments under the stipulation of settlement, the Civil Court properly denied tenant's motion. Stipulations of settlement are favored by the courts and will not be undone absent proof that the stipulation was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). By entering into a so-ordered stipulation that had been negotiated by his attorney in open court, tenant agreed to strict compliance with the stipulation's terms. As noted by the Civil Court, tenant failed to demonstrate
that the stipulation was obtained by fraud, collusion, mistake or accident. Accordingly, tenant's motion was properly denied, and I vote to affirm the Civil Court's order.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 7, 2020

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>